**Grover C. CRUTCHFIELD**

v.

**ATLAS OFFSHORE BOAT SER-VICE, INC., et al.**

Civ. A. No. 74-2524.

United States District Court,
E. D. Louisiana.

Sept. 23, 1975.

Dodd, Barker, Boudreaux, Lamy & Gardner, Harold J. Lamy, New Orleans, La., for plaintiff.

Donald L. King, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Gulf Oil Corp.

Drury, Lozes & Curry, H. Edward Weidlich, Jr., New Orleans, La., for Superior Welding.

ALVIN B. RUBIN, District Judge.

On February 22, 1974, Grover Crutchfield was injured while assisting in loading pipe onto a vessel from a dock. Crutchfield was working for Packard, Inc. Employees of Superior Welding, Inc. were also engaged in the loading activity. Atlas Offshore Boat Service, Inc. owned and operated the vessel on which the pipe was being loaded. All three of these companies were working under contract with Gulf Oil Corporation. Alleging negligence by each defendant, Crutchfield sued Superior Welding, Atlas Offshore, and Gulf. (He did not sue his employer, Packard; and he did not claim a cause of action based on the unseaworthiness of the vessel. Both of those actions would have been barred by the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), as amended, 33 U.S.C. § 905.) Gulf filed a third party complaint against Packard based upon an indemnity clause in the contract between these two parties. Packard now seeks summary judgment on the third party complaint.

Packard argues that the indemnity agreement with Gulf is void under the 1972 amendments to the LHWCA, in particular 33 U.S.C. § 905. The relevant portion of that section states:

(b) In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.

Prior to the 1972 amendments to the LHWCA, the statute contained no express prohibition against indemnity agreements. The 1972 amendments proscribed indemnity agreements *between the employer of the injured worker and the vessel*. There is no indication in the statute or the legislative history that Congress intended to invalidate all indemnity agreements between the employer and others.

██ Gulf had contracts with both the plaintiff's employer, Packard, and the vessel owner, Atlas; and both contracts contain indemnity clauses. Packard argues that the indemnity clause in its contract with Gulf was inserted by Gulf for the benefit of the vessel, and hence should be declared void because such a provision would circumvent section 905. But there is no evidence of an attempt to evade the intent of the statute. Gulf has apparently sought indemnity only in its own favor. Under section 905, the employer, Packard, will not be liable, directly or indirectly, to the vessel for injuries caused by the vessel's negligence. This does not prevent possible liability to Gulf by way of indemnity. To the extent that the vessel's *negligence* caused any injuries to the plaintiff, Atlas will be liable. The contracts do not require Packard to indemnify Atlas for this.

██ Packard also argues that summary judgment should be granted because Gulf has no need of indemnification from Packard. Gulf's defense is being handled by Atlas, under the terms of the contract between Gulf and Atlas. This does not destroy Gulf's claim for indemnification against Packard. If Gulf is found to have been negligent, it will be cast in judgment for damages. It has a right to look to each party with whom it has a valid indemnity agreement. If Gulf is cast in judgment, Atlas may seek contribution from the other indemnitors. In that case, however, Packard will not be called upon to indemnify Atlas for Atlas' negligence, but rather to share the costs of indemnification to Gulf.

For these reasons, Packard's motion for summary judgment on the third party complaint is denied.