Plaintiff appeals from a judgment in his favor charging insufficiency of the award. We affirm.
Plaintiff brought an action in equity against Protective Life and Merchants National Bank of Mobile seeking to enjoin foreclosure of a mortgage on real estate by the bank and to require Protective Life to pay to the bank the sums owed by plaintiff to the bank. Plaintiff later amended, adding claims for fraud and misrepresentation against Protective Life in the sale of a credit insurance policy to plaintiff.
The case was heard by the judge without a jury and judgment was entered against Protective and in favor of plaintiff for $1,370.80.[1]
The evidence tended to show the following: Plaintiff had executed a note and mortgage on realty with the bank in 1972. The note was for $10,000 plus interest, payable $135 per month for eleven months with the balance becoming due the twelfth month.[2] It was understood between plaintiff and the bank that the unpaid balance due on the twelfth month would be the subject of a new and similar note. This arrangement would be continued until the full indebtedness was paid. Such form of real estate loan was the only one used by the bank at the time.
Plaintiff requested that the bank provide him credit life and disability insurance on the loan. He told the officer handling the loan that he desired "full protection." He paid $101.40 for life coverage and the same amount for disability coverage.
Upon receipt of the application and premium from the bank, Protective sent to *Page 730 
plaintiff a certificate of insurance. The certificate showed the total amount of decreasing term life insurance to be $10,470.41 and the monthly indemnity under the health and accident coverage to be $135. The term of the insurance was shown to be twelve months. The certificate stated that Protective had issued insurance to plaintiff subject to the terms and conditions of a group policy issued to the bank. Under the health and accident coverage, the certificate provided that if the insured became totally disabled as a result of injury or sickness and such disability continued for more than thirty days, Protective, upon proof of disability, would pay to insured an amount equal to one-thirtieth of the monthly indemnity shown for each day of continuing total disability after the thirty-first day. It further provided that the aggregate monthly indemnity would not exceed $150 at any time and any premiums paid for insurance in excess of such amount would be refunded.
In May of 1973, plaintiff became temporarily totally disabled. He filed a claim and Protective paid the monthly indemnity of $135 to the bank for June and an equal amount for July. Coverage under the certificate began on July 31, 1972 and ended July 31, 1973.
Apparently, plaintiff personally, or by attorney, demanded that Protective pay the balloon portion of the note. The record is not clear when it became due. On April 17, 1974, Protective notified plaintiff's counsel that in checking the case upon his inquiry, it learned that the premium charged for the health and accident coverage was excessive. Instead of the $101.40 paid, the charge should have been $16.20. A refund check of $85.20 was sent by Protective. Suit was brought on October 31, 1974.
The only issue before us on this appeal is whether plaintiff was entitled to recover under the policy of insurance purchased the full amount of the unpaid balance of his note which came due on the twelfth month.
Only matters which affect the amount of damages recoverable may be presented on an appeal by the winner of the judgment at trial. Smith v. Winkles, 49 Ala. App. 454, 273 So.2d 215 (1973).
It is difficult to mentally adjust to the contention of plaintiff that by becoming disabled for three months he was entitled to be paid over $10,000 under a monthly indemnity disability insurance policy. We are unable to discern from the judgment of the trial court whether it determined liability based upon the policy of insurance or upon the claims of fraud and misrepresentation. It does not matter insofar as plaintiff's appeal is concerned. The defendant has not appealed.
It appears from the evidence that plaintiff applied for a policy of insurance which would pay his monthly payments on his note in the amount of $135 in the event he became totally disabled from injury or sickness. A certificate of insurance was sent him by Protective Life in response to his application. He received the certificate which clearly stated the obligations of Protective and their limitations. Plaintiff accepted the certificate which was in effect for some nine months before he became disabled and made claim for benefits. Two monthly benefit payments were made upon his application.
It is the rule that if the policy is accepted by the insured, he is bound thereby even though the policy does not correspond to the preliminary negotiations. The oral negotiations for the policy are merged into the accepted policy. Hartford Fire Ins.Co. v. Shapiro, 270 Ala. 149, 117 So.2d 348 (1960).
There is ample evidence to support the conclusion that the premium overcharge was merely a mistake by the bank in calculation and that Protective did not know of the error until the controversy with plaintiff arose. Upon learning of the overcharge, Protective immediately corrected it and returned the excess. The terms of the policy, rather than the amount of the premium charged, provide the coverage. See 9 Couch on Insurance 2d, § 39:3. The overcharge merely gave to the insured the right to the return of the excess. The right of *Page 731 
recovery under the certificate issued plaintiff and the group policy to which the certificate referred was limited to a monthly disability benefit of $135. Plaintiff received such amounts promptly upon making claim. He also received the excess premium. In addition, he received judgment for $1,370.40. The correctness of that judgment has not been challenged by defendant. It will stand against the insufficiency charged by plaintiff. The trial court made no error injurious to plaintiff.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Merchants Bank previously had been dismissed on motion.
[2] Such a note is commonly known as a balloon note.