Ferdinand J. ORTIZ, Plaintiff,

v.

ETPM–U.S.A., INC., Gulf Oil Corporation, and Milibar Hydrotest, Inc., Defendants.

Civ. A. No. H–80–504.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 5, 1982.

Sidney Ravkind, Mandell & Wright, Houston, Tex., for ETPM–U.S.A., Inc. and Milibar Hydrotest, Inc.

H. Lee Lewis Jr., Ross, Griggs & Harrison, Houston, Tex., for Gulf Oil.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

Plaintiff Ferdinand V. Ortiz brought this action against ETPM–U.S.A., Inc. ("ETPM"), Gulf Oil Corporation ("Gulf Oil"), and Milibar Hydrotest, Inc. ("Milibar") for damages for personal injuries sustained while working as a welder for a vessel, ETPM Barge No. 240, in the course of his employment by ETPM. Plaintiff settled with defendants ETPM and Milibar. Defendant Gulf Oil has a cross-action pending against ETPM.

At the time of plaintiff's accident, the crew of the vessel was installing and checking pipeline. Plaintiff contends that an employee of Gulf Oil told the ETPM foreman that the pipeline that plaintiff was welding was free of gas, when it actually did contain gas. The line exploded and plaintiff suffered injuries and residual disability. Defendant Gulf Oil contends that it hired ETPM, plaintiff's employer, as a contractor for the installation of pipeline and that plaintiff's injuries were caused by ETPM's own negligence and its failure to perform its work in a safe and workmanlike manner. Gulf Oil further contends that it is entitled to indemnity, including expenses of defense, from ETPM by virtue of the terms of the written contract between them.

This case is now before the court on Gulf Oil's motion for summary judgment on its cross-claim against ETPM. Because this court is of the opinion that there is no genuine issue as to any material fact necessary to establish each element of Gulf Oil's cross-claim against ETPM, defendant Gulf Oil is entitled to a judgment as a matter of law. Any injuries sustained by plaintiff are embraced by the contract between Gulf Oil and ETPM, in which ETPM has agreed to indemnity Gulf Oil for any amounts it might become obligated to pay to plaintiff as a result of his claims.

The contract between Gulf Oil and ETPM provides:

*3230 INDEMNITIES AND INSURANCE*

    \*     \*     \*     \*     \*     \*

[ETPM] agrees:

   \*     \*     \*     \*     \*     \*

6. To protect, indemnify, and save [Gulf Oil] harmless from and against:

   \*     \*     \*     \*     \*     \*

b. All claims, demands and causes of action, suits or other litigation (including defending all causes of action, suits or other litigation and indemnifying and holding [Gulf Oil] harmless from and against all costs, expenses and attorney's fees incurred by [Gulf Oil] in defense of such cuases [sic] of action, suits or other litigation brought against it on account of any obligation which [ETPM] is bound for here under) of every kind and character arising in favor of [ETPM] or third parties, including but not limited to personnel, materials and equipment furnished by [ETPM], on account of personal injuries or death or damage to property belonging to [ETPM] or others whether arising out of the concurrent negligence on the part of [Gulf Oil] or otherwise in any way occurring, incident to or arising out of the work performed by [ETPM] hereunder and particularly, but not by way of limitation, against any loss or damage whatsoever caused by fire, explosion or accident of any kind during the performance of and until the completion of said work and the acceptance thereof by [Gulf Oil].

Under the provision of the contract set out above, ETPM has expressly agreed to hold Gulf Oil harmless from causes of actions for personal injuries incident to the work performed by ETPM under the contract, and indemnify Gulf Oil for its costs, expenses,

and attorney's fees expended in defense of suits brought against Gulf Oil by reason of any obligation for which ETPM is bound under the contract. This obligation extends to all personal injuries, "whether arising out of the concurrent negligence on the part of [Gulf Oil] or otherwise in any way occurring." Thus, whether plaintiff's injury resulted from the negligence of either ETPM or Gulf Oil, or their concurrent negligence, ETPM must hold harmless Gulf Oil for any amounts Gulf Oil might become liable.

ETPM contends that the indemnity agreement, which releases Gulf Oil from damages resulting from Gulf Oil's own negligence, is invalid "as against public policy." ETPM relies on *Bisso v. Inland Waterways Corp.,* 349 U.S. 85, 75 S.Ct. 629, 99 L.Ed. 911 (1955). In *Bisso* the Supreme Court reiterated the judicially created rule that a towboat may not contract against all liability for its own negligent towage. This rule respecting release-from-liability clauses in towage contracts is not applicable to the contract now before this court. The holding in *Bisso,* as is exemplified by the rationale behind the Supreme Court's holding, was based on the characteristics of the towing industry and its application was specifically limited to the towing industry:

> This rule is merely a particular application to the towage business of a general rule long used by courts and legislatures to prevent enforcement of release-from-negligence contracts in many relationships such as bailoree and bailees, employers and employees, public service companies and their customers. The two main reasons for the creation and application of the rule have been (1) to discourage negligence by making wrongdoers pay damages, and (2) to protect those in need of goods or services from being overreached by others who have power to drive bad bargains. ... [B]oth reasons apply with equal force whether tugs operate as common carriers or contract carriers. The danger of modern machines make it all the more necessary that negligence be discouraged. And increased maritime traffic of today makes it not

less but more important that vessels in American ports be able to obtain towage free of monopolistic compulsions.

*Bisso v. Inland Waterways Corp.,* 349 U.S. at 90–91, 75 S.Ct. at 632–33. It is clear from this language that the Supreme Court did not purport to make a ruling that release of liability clauses were invalid in all admiralty related contracts. *See Hudson Waterways Corp. v. Coastal Marine Serv., Inc.,* 436 F.Supp. 597 (E.D.Tex.1977).

Indemnity provisions in admiralty cases such as the present one have been upheld in this circuit under the rule set out in *United States v. Seckinger,* 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). In *Seckinger,* the Supreme Court held that "a contractual provision should not be construed to permit an indemnitee to recover for his own negligence *unless* the court is firmly convinced that such an interpretation reflects the intention of the parties." *Id.* at 211, 90 S.Ct. at 885 (emphasis added). While noting that courts are traditionally reluctant to place the burden of negligence upon one not actually at fault, especially in a context in which there is a great disparity in bargaining power and economic resources, the court stated that the shifting of such responsibility will be upheld where the contract "clearly and unequivocally" states the indemnitee's intention to be held harmless for his own negligence. This is particularly apt where the parties are of equal bargaining power and there is no evidence of overreaching. In the present case, the language of the contract "clearly and unequivocally" states Gulf Oil's intention to be held harmless from claims arising out of ETPM's performance under the contract, whether or not the injuries made the basis of such claims were caused in whole or in part by Gulf Oil itself.

Although *Seckinger* was not an admiralty case, the Fifth Circuit has consistently applied its holding to maritime cases. *See, e.g., M.O.N.T. Boat Rental v. Union Oil Co.,* 613 F.2d 576, 580 n. 8 (5th Cir.1980); *Wedlock v. Gulf Mississippi Marine Corp.,* 554 F.2d 240, 241 n. 2 (5th Cir.1977); *Transcontinental Gas Pipe Line Corp. v. Mobile Drill-*

*ing Barge,* 424 F.2d 684, 691–692 (5th Cir. 1970). Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that Gulf Oil's motion for summary judgment against ETPM be, and the same hereby is, GRANTED.