443 So.2d 891 (1983)
The CINCINNATI INSURANCE COMPANY
v.
Norma LITTLE.
82-522.
Supreme Court of Alabama.
November 4, 1983.
As Corrected on Denial of Rehearing December 22, 1983.
*892 Paul G. Smith and Bert P. Taylor, Birmingham, for appellant.
Stephen D. Heninger of Hare, Wynn, Newell & Newton, Birmingham, for appellee.
BEATTY, Justice.
After a trial, the jury returned a general verdict against the Cincinnati Insurance Company, and plaintiff's real estate agent, Tom D. Williams, individually, and d/b/a Tom Williams and Company. Defendant insurance company appeals from the denial of a judgment notwithstanding the verdict in an action based on fraud, breach of contract, and bad faith refusal to pay a claim. We reverse and remand.
This case requires us to examine the type of conduct constituting the tort of bad faith refusal to pay an insurance claim, and to determine whether plaintiff's evidence was sufficient to avoid a directed verdict on that count, which was submitted to the jury.
Plaintiff, Norma Little, owned rental property located in Homewood, Alabama, which was damages by fire. The damaged property was covered by an insurance policy, face value $35,000, with Cincinnati Insurance Company (Cincinnati).
Mrs. Little's real estate manager for the property was Tommy Williams. At the time of the fire, Mrs. Little was in the hospital being treated for emotional problems, so Mr. Williams dealt with the insurance company on her behalf. Cincinnati's insurance adjuster, Huel Carter, told Williams that $21,500 would be available under the policy to repair the property. This figure was less than the face amount of the policy, less than the adjuster's estimate of the property damage, and less than the $45,000 estimate of repairs of a Birmingham contractor.
When Williams advised Mrs. Little about the amount of coverage available, she cautioned him not to go over that amount, but gave him permission to proceed with the repair work. Thereafter, he completed a *893 proof of loss form, claiming $20,000 for the repair work, and delivered it to Mrs. Little. Mrs. Little had her mother sign the form on her behalf. Williams then delivered it to the insurance company's agency, and, based on the proof of loss form, the company issued a check for $20,000. The facts are disputed as to who endorsed this check, but Williams deposited the check into his account and began repairing the property.
When the work was completed, Mrs. Little claimed that the repairs were shoddy and outrageous. Mrs. Little's complaint alleged, among other things, (1) fraud, (2) bad faith refusal to pay, and (3) breach of contract. Cincinnati filed a motion for directed verdict at the conclusion of the plaintiff's case. The motion alleged a lack of evidence on plaintiff's claims for breach of contract, fraud, and bad faith refusal to pay. The trial court overruled the motion.
Cincinnati refiled its motion for directed verdict at the close of all the evidence, which the trial court overruled. The court charged the jury on breach of contract, fraud, bad faith refusal to pay, and punitive damages.
After closing arguments and the court's charges, the jury rendered a general verdict for plaintiff and against both defendants for $80,000. The trial court overruled Cincinnati's motion for judgment notwithstanding the verdict or, in the alternative, for new trial. In the motions, Cincinnati claimed that the court improperly submitted to the jury the counts of fraud, bad faith refusal, and breach of contract, and the claim for punitive damages.
Under Alabama law:
"[I]f a complaint has more than one count and the defendant believes that the evidence is not sufficient to support one or more of those counts, he must challenge this by motion for directed verdict, specifying the count which is not supported by evidence and detailing with specificity the grounds upon which the particular count is not supported by the evidence. If this is not done and all counts go to the jury and a general verdict is returned, the court will presume that the verdict was returned on a valid count." Aspinwall v. Gowens, 405 So.2d 134, 138 (Ala.1981).
Cincinnati, having directed its motion to each count, therefore properly preserved these alleged errors for appeal.
We find that as to the count for bad faith refusal to pay the trial court should have granted Cincinnati's motion for directed verdict or its motion for judgment notwithstanding the verdict or, in the alternative, for new trial. It correctly refused to direct a verdict on the fraud and breach of contract claims. These two claims were properly submitted to the jury, but since the court also improperly submitted the bad faith claim, we cannot conclude that the jury's general verdict was based upon the properly submitted claims. Therefore, a new trial is required on these two counts.
Proper submission of the count of bad faith refusal to a jury requires sufficient evidence from which permissible inferences could be drawn to support a finding of bad faith refusal to pay. If the evidence is insufficient on this theory, Cincinnati was entitled to judgment notwithstanding the verdict on that claim and a new trial on the remaining claims. Empiregas, Inc., of Gadsden v. Geary, 431 So.2d 1258, 1259 (Ala.1983).
Under National Security Fire & Casualty Co. v. Bowen, 417 So.2d 179 (Ala. 1982), the plaintiff in a bad faith refusal case has the burden of proving:
"(a) an insurance contract between the parties and a breach thereof by the defendant;
"(b) an intentional refusal to pay the insured's claim;
"(c) the absence of any reasonable legitimate or arguable reason for that refusal (the absence of a debatable reason);
"(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
"(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the *894 insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim."
417 So.2d at 183. See also National Savings Life Ins. Co. v. Dutton, 419 So.2d 1357 (Ala.1982).
In the present case, the plaintiff did not prove that the insurance company refused to pay the claim. The insurance company paid the full amount claimed on the proof of loss form, which was signed in plaintiff's behalf at her request. The insurance company did not deny Norma Little an insurance benefit under the contract. Rather, the case involves a dispute of whether she received all she claims she was entitled to under the contract and whether the insurance company fraudulently induced Mrs. Little, through her agent, to claim less than the amount to which she was entitled under the policy.
In Sexton v. Liberty National Life Ins. Co., 405 So.2d 18, 22 (Ala.1981), this Court found that because the defendant insurance company had paid a substantial part of the claim there was no refusal, even though the insured asserted that the company should have paid more. Applying Sexton to the present facts, we are compelled to conclude that Cincinnati did not refuse to pay and, therefore, that the plaintiff did not prove a prima facie case of bad faith refusal to pay under Bowen and Dutton.
The case of Gulf Atlantic Life Ins. Co. v. Barnes, 405 So.2d 916 (Ala.1981), does not conflict with Sexton, because in Barnes the insurance company admitted that it should have paid the $7,000 face value of the policy. In that case, there was no payment made on the $7,000 policy under which the plaintiff made her claim because the insurance company had substituted another policy and paid its face value of $1,000. Id. at 923.
Because there was no refusal to pay in the instant case, the count of bad faith refusal will not lie. Accordingly, the motion for the directed verdict on the count of bad faith refusal was improperly denied. Cincinnati was entitled to judgment notwithstanding the verdict on the bad faith claim, the failure to grant which must result in a new trial. The judgment, therefore, is reversed and this cause is remanded for a new trial on the fraud and breach of contract claims.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.

ON APPLICATION FOR REHEARING
BEATTY, Justice.
OPINION CORRECTED; APPLICATION OVERRULED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.