Sherry Dickey, plaintiff below, appeals from the entry of summary judgment in favor of Alabama Farm Bureau Mutual Insurance Company on her claim for damages resulting from the insurance company's alleged bad faith refusal to pay for repairs to her automobile. We affirm.
Dickey filed this action against Fred Atchinson and his insurer, Alabama Farm *Page 694 
Bureau. In count one of her complaint, she claimed that Atchinson negligently or wantonly caused an automobile accident in which she was injured. Judgment by consent was entered in favor of Dickey on this claim, and that judgment is not involved in this appeal. In count two, she claimed that Alabama Farm Bureau, in bad faith, breached an oral contract to repair her car and provide her with a rental car. The facts, as alleged by Dickey in her affidavit, are that Alabama Farm Bureau orally promised to pay the reasonable cost of repairs to her automobile damaged in the accident with its insured; that she had her car repaired; and that Alabama Farm Bureau then refused to pay for the repairs unless Dickey signed a general release, releasing Alabama Farm Bureau from any additional claim for property damage and personal injury. Dickey did not have a policy of insurance with Alabama Farm Bureau at any time relevant to this action.
Alabama Farm Bureau moved for summary judgment. The trial court found no genuine issue of material fact and granted the motion on the ground that the tort of bad faith refusal to pay will not lie in Alabama in cases other than insurance policy claims. It cited Kennedy Electric Co. v. Moore-Handley, Inc.,437 So.2d 76 (Ala. 1983), as support. In that case, Justice Adams wrote:
"III. Dismissal of Bad Faith Claim
 "The plaintiff's next contention is that the court erred to reversal by dismissing the second cause of action (based on a breach of a good faith obligation). The plaintiff argues that this court should extend to the area of general contract law the tort of bad faith that has already been recognized in the context of insurance policy cases. Prudential Insurance Co. of America v. Coleman, 428 So.2d 593
(1983); Chavers v. National Security Fire and Casualty Co., 405 So.2d 1 (Ala. 1981). Although every contract does imply good faith and fair dealing (see § 7-1-203, Code 1975), it does not carry with it the duty imposed by law which we have found in the context of insurance cases. We are not prepared to extend the tort of bad faith beyond the area of insurance policy cases at this time. See Brown-Marx Associates, Ltd. v. Emigrant Savings Bank, 527 F. Supp. 277 (N.D.Ala. 1981)."
437 So.2d at 81. The appellant concedes that, unless this case is overruled, the judgment of the trial court is correct. We are not willing to overrule Kennedy Electric.
There was no policy of insurance issued by Alabama Farm Bureau to Dickey at the time of the accident or at any time thereafter. This Court has held repeatedly that the plaintiff in a bad faith case has the burden of proving that "an insurance contract existed between the parties [plaintiff/insured, defendant/insurer] and a breach thereof by the defendant." National Security Fire Casualty Co. v. Bowen,417 So.2d 179, 183 (Ala. 1982), cited in McLaughlin v. AlabamaFarm Bureau Mutual Casualty Insurance Co., 437 So.2d 86 (Ala. 1983), and Cincinnati Insurance Co. v. Little, 443 So.2d 891
(Ala. 1983). A mere offer by an insurance company to pay damages to one, not its insured, does not make a case an insurance policy case for purposes of the tort of bad faith refusal to pay. The "third party" cases also require a relationship of insured/insurer between the plaintiff and defendant. In those cases, if the insurance company promises its insured that it will pay a third party's claim and then fails to use due care to do so, subjecting the insured to additional liability, the insured has a tort action against its insurance company either for negligence or for bad faith refusal to pay. Waters v. American Cas. Co. of Reading,261 Ala. 252, 73 So.2d 524 (1954). This is not such a case.
It is undisputed that Dickey was not insured by Alabama Farm Bureau. The insurance company is entitled to judgment in its favor as a matter of law. The trial court's entry of summary judgment in favor of Alabama Farm Bureau was proper and is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and BEATTY, JJ., concur. *Page 695