504 So.2d 215 (1986)
AETNA CASUALTY & SURETY COMPANY
v.
COOPER STEVEDORING COMPANY, INC. and Employer's National Insurance Company.
84-697.
Supreme Court of Alabama.
October 3, 1986.
Rehearing Denied February 27, 1987.
*216 Charles E. Sharp and Mac B. Greaves of Sadler, Sullivan, Sharp & Stutts, Birmingham, for appellant.
W. Boyd Reeves and Douglas L. Brown of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, for appellees.
STEAGALL, Justice.
Benjamin Franklin was injured on October 13, 1978, when a stack of lumber inside a warehouse at the Alabama State Docks in Mobile fell on him. Franklin was a "checker" for Cooper Stevedoring Company, Inc.[1] At the time of his accident Franklin was directing the unloading of lumber from a vessel. Franklin received benefits from Cooper's insurance carrier (Employer's National Insurance Company) pursuant to the Longshoremen's and Harbor Workers Compensation Act (LHWCA). 33 U.S.C. § 905 (1976). On October 11, 1979, Franklin filed suit against Aetna Casualty & Surety Company, the insurance carrier for the State Docks, alleging that the State Docks had negligently failed to provide him with safe working conditions.[2] This suit was brought pursuant to Alabama Code 1975, § 33-1-25, which authorizes a direct action against an insurance carrier of the State Docks. Aetna then filed a third-party complaint against Cooper seeking indemnity based on an indemnity clause in the tariff between the State Docks and Cooper.[3] Aetna's theory of indemnity from Cooper was that if the State Docks was negligent with respect to Franklin's injuries, its negligence was passive while Cooper's negligence was active. Aetna also sought indemnity from Employer's National Insurance Company on the basis that the State Docks was an additional named insured under the comprehensive general liability insurance policy between Cooper and Employer's National. Cooper, Employer's National, and Aetna filed motions for summary judgment as to Cooper and Employer's National. The trial court granted the motions of Cooper and Employer's National, and denied Aetna's motion. Aetna filed this appeal after a final judgment was entered in Franklin's suit against Aetna. We reverse the summary judgment in favor of Cooper and Employer's National, and affirm the denial of summary judgment for Aetna.

Claim Against Cooper
In order for Aetna to maintain an indemnity action against Cooper, it must legally stand in the shoes of the State Docks. When an insurer is sued pursuant to a direct action statute, which is the case here, it legally stands in the shoes of the insured. Alabama Code 1975, § 33-1-25; Ex parte Tokio Marine & Fire Ins. Co., 322 F.2d 113 (5th Cir.1963); Degelos v. Fidelity & Casualty Co. of New York, 313 F.2d 809 (5th Cir.1963). Therefore, Aetna's rights and liabilities are derivative of those of the State Docks.
The next question presented is whether the indemnity clause in the tariff between Cooper and the State Docks is valid and enforceable. An indemnity *217 agreement between a stevedoring company and the owner of port terminal facilities, such as the State Docks, is a maritime contract, and the interpretation of such an agreement must be made by applying federal maritime law. Maryland Port Administration v. SS American Legend, 453 F.Supp. 584 (D.Md.1978).
Cooper argues that Aetna's claims for indemnity are non-contractual and, thus, barred under the LHWCA, citing Ocean Drilling & Exploration Co. v. Berry Brothers Oilfield Service, 377 F.2d 511 (5th Cir.), cert. denied, 389 U.S. 849, 88 S.Ct. 102, 19 L.Ed.2d 118 (1967). Although the Fifth Circuit Court of Appeals in that case stated that there was no indemnity based upon a tort theory, it emphasized that the employer continued "to remain liable for indemnity on the basis of an expressed or implied contractual obligation." 377 F.2d at 514-15. We have already stated in the beginning of this opinion that Aetna legally stands in the shoes of the State Docks; therefore, Aetna should enjoy the benefits of the indemnity contract that the State Docks has with Cooper.
The court in Ocean Drilling also noted that the workmen's compensation benefits under the LHWCA, 33 U.S.C. § 905, are the exclusive liability of an employer to its employees or to anyone claiming under or through such employee. However, the 1972 amendments to the LHWCA have been interpreted to allow contractual indemnity between a non-vessel, such as the State Docks, and a third-party employer, such as Cooper, where the employer is negligent in causing injury to an employee and the non-vessel is sued by the employee for his injury.[4]Olsen v. Shell Oil Co., 595 F.2d 1099 (5th Cir.), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979); Zapico v. Bucyrus-Erie Co., 579 F.2d 714 (2d Cir.1978); Crutchfield v. Atlas Offshore Boat Service, Inc., 403 F.Supp. 920 (E.D.La.1975). Thus, Aetna is not prohibited by the LHWCA from asserting indemnity claims against Cooper.
Cooper's next argument is that the indemnity clause in the tariff in the instant case is invalid and unenforceable because clauses which seek to indemnify the indemnitee for its own negligence have been struck down by the Federal Maritime Commission and various courts. However, in the instant case, Aetna is not seeking indemnification for negligence on the part of the State Docks; rather, it is seeking indemnification for an injury caused by Cooper's negligence and the negligence of its employees. The indemnity clause in the tariff between Cooper and the State Docks provides:
"Each person using a facility of the Alabama State Docks Department and each person performing any service on the property of the Alabama State Docks Department shall indemnify and save the Alabama State Docks Department harmless from and against any and all claims, actions, damages, liability, and expense, including reasonable attorneys fees and litigation expenses, in connection with loss of life, personal injury and damage to property (including property of such person) occurring in connection with the use of any facility of the Alabama State Docks Department and the performance of any service on the property of the Alabama State Docks Department caused in whole or in part by such person, or the employees (including loaned employees), agents, contractors and invitees of such person, without regard to fault ... (C.R. 75-76, 308)."
Based upon the facts in the instant case, Aetna is attempting to enforce an indemnity clause which is recognized as valid and enforceable under federal maritime law.
In view of our holding that Aetna stands in the shoes of the State Docks and is attempting to enforce a valid agreement, we turn to the merits of the claim for indemnity. Summary judgment is appropriate if, after viewing the evidence in a light most favorable toward the non-moving *218 party, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Sexton v. Liberty National Life Insurance Co., 405 So.2d 18 (Ala.1981). Aetna contends that it presented a scintilla of evidence of negligence on the part of Cooper which would entitle it to indemnification from Cooper.
The deposition testimony indicated that the cause of Franklin's injury was improper stacking or "piling in" of bundles of lumber that were unloaded at Franklin's direction. The lumber was stacked by Cooper employees approximately 12 to 15 feet high. The testimony showed that Franklin gave directions concerning the placement and storage of the lumber. There was also testimony that two of Franklin's immediate supervisors were aware of the fact that the floor in the warehouse was sunken and uneven but they did not mention this condition to Franklin.
We find that the above testimony presents a scintilla of evidence which creates a genuine issue as to negligence on the part of Cooper. Therefore, summary judgment in favor of Cooper is improper.

Claim Against Employer's National
Aetna asserts that since it legally stands in the shoes of the State Docks and the State Docks is an additional named insured under the policy between Employer's National and Cooper, it is entitled to a defense and coverage from Cooper with respect to Franklin's claim against it.
A named insured, as well as additional named insureds under an insurance policy, is entitled to a defense and coverage from an insurer; however, the defense and coverage are limited to those provided for in the language of the policy. National Surety Corp. v. Wells, 287 F.2d 102 (5th Cir.1961); Lazarus v. Manufacturers Casualty Insurance Co., 267 F.2d 634 (D.C. Cir.1959); Gulf Oil Corp. v. Mobile Drilling, Barge or Vessel, 441 F.Supp. 1 (E.D. La.1975), affirmed, 565 F.2d 958 (5th Cir. 1978).
In the instant case, the State Docks is an additional named insured under the policy between Employer's National and Cooper. Cooper was required to maintain insurance naming the State Docks as an additional insured pursuant to the State Docks tariff. We have already held that Aetna stands in the shoes of the State Docks; therefore, Aetna is entitled to a defense and coverage from Employer's National if the policy provides for such under the facts of this case. We cannot determine from the record whether the language of the policy with Employer's National provides a defense and coverage in this instance, because the terms of the policy are not contained in the record. The facts may prove that the State Docks is entitled to a defense and coverage from both Aetna and Employer's National, in which case Aetna should be allowed to seek recovery from Employer's National because Aetna has already defended the State Docks in the suit filed by Franklin. See National Surety Corp. v. Wells, supra; Lazarus v. Manufacturers Casualty Insurance Co., supra; Gulf Oil Corp. v. Mobile Drilling, Barge or Vessel, supra. Because there are issues of fact to be resolved, summary judgment in favor of Employer's National was improper.
Aetna's final argument is that the trial court's order denying Aetna's motions for summary judgment against Cooper and Employer's National constitutes reversible error. Based upon our findings as discussed above, there are genuine issues of material fact to be resolved; therefore, the trial court was correct in denying Aetna's motions for summary judgment.
In light of the foregoing, the summary judgment in favor of Cooper and Employer's National is reversed, and the denial of summary judgment for Aetna is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
ON APPLICATION FOR REHEARING
STEAGALL, Justice.
Cooper and Employer's National present two arguments in their application for rehearing which merit further consideration.
*219 The first argument is that the Alabama State Docks tariff is an adhesion contract that should not be enforced because the State Docks has superior bargaining power. Cooper and Employer's National assert that the State Docks is the operator of the only general cargo docking facility at the Port of Mobile; therefore, they say, the State Docks has superior, if not absolute, bargaining power in contracting for the use of its facilities. Accordingly, they argue, the indemnity provisions of the tariff should be held void as a matter of law.
Cooper and Employer's National cite Coastal Iron Works, Inc. v. Petty Ray Geophysical, 783 F.2d 577 (5th Cir.1986), and M/V American Queen v. San Diego Marine Construction Corp., 708 F.2d 1483 (9th Cir.1983), for the proposition that federal maritime law refuses to enforce an indemnity clause which is part of an adhesion contract when there is evidence that one of the parties to the contract has a superior bargaining position or is overreaching. Both of these cases involve limitation of liability clauses in which shipyards attempted to limit their responsibility for their own negligence in proximately causing injuries and damages to their customers. The court in each case found there was no violation of public policy in enforcing these clauses in view of the fact that there was a complete absence of any evidence of unequal bargaining power or overreaching.
In the instant case, Cooper and Employer's National assert that the tariff was offered to Cooper by the State Docks on a "take it or leave it" basis and that there was overreaching and unequal bargaining power surrounding the negotiation of the tariff. However, there is no evidence in the record to support these assertions. The fact alone that the State Docks is the only general cargo docking facility at the Port of Mobile is not sufficient to establish unequal bargaining power. Therefore, the indemnity clause must be enforced.
The second argument of Cooper and Employer's National is that the indemnity clause in the tariff is against public policy, and thus, void as a matter of law. Cooper and Employer's National rely on Bisso v. Inland Waterways Corp., 349 U.S. 85, 75 S.Ct. 629, 99 L.Ed. 911 (1955), and West Gulf Maritime Ass'n. v. Galveston, 22 F.M.C. 101 (1979).
In Bisso, the United States Supreme Court held that a towboat operator may not contract against all liability for its own negligent towage. This holding was based on the characteristics of the towing industry and has not been applied to all admiralty related contracts. See Ortiz v. ETPM-U.S.A., Inc., 553 F.Supp. 549 (S.D.Tex. 1982), and Hudson Waterways Corp. v. Coastal Marine Service, Inc., 436 F.Supp. 597 (E.D.Tex.1977).
West Gulf is an administrative decision of the Federal Maritime Commission. The Commission, relying on Bisso, held that an exculpatory clause between Galveston and West Gulf was against public policy, and, therefore, violated the Shipping Act of 1916. However, this Court and the federal courts are not bound by the rulings of the Federal Maritime Commission. Maryland Port Administration v. S.S. American Legend, 453 F.Supp. 584 (D.Md. 1978).
In United States v. Seckinger, 397 U.S. 203, 211, 90 S.Ct. 880, 885, 25 L.Ed.2d 224 (1970), the Supreme Court, in analyzing an indemnity clause in a contract between the Government and a contractor, held that "a contractual provision should not be construed to permit an indemnitee to recover for his own negligence unless the court is firmly convinced that such an interpretation reflects the intention of the parties." The Supreme Court expressly rejected the proposition that such indemnity contracts were contrary to public policy.
Although Seckinger was not an admiralty case, its holding has been consistently followed in the Fifth Circuit. See, e.g., M.O.N.T. Boat Rental v. Union Oil Co., 613 F.2d 576, 580 n. 8 (5th Cir.1980); Wedlock v. Gulf Mississippi Marine Corp., 554 F.2d 240, 241 n. 2 (5th Cir.1977); Transcontinental Gas Pipe Line Corp. v. Mobile Drilling Barge Mr. Charlie, 424 F.2d 684, *220 691-92 (5th Cir.1970); Batson-Cook Co. v. Industrial Steel Erectors, 257 F.2d 410 (5th Cir.1958).
We believe the ruling in Seckinger should control our consideration of the indemnity clause in the instant case. The indemnity clause in the contract between the State Docks and Cooper clearly requires Cooper to indemnify the State Docks for claims arising out of Cooper's performance under the contract, whether or not the injuries made the basis of such claims were caused in whole or in part by Cooper. Accordingly, the conclusion in our original opinion is not changed and petitioners' application for rehearing is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
NOTES
[1] The duties of a "checker" include separating cargo in accordance with the respective bills of lading, measuring cargo, filling out reports concerning damage to cargo, and the general inspection of cargo.
[2] The jury returned a verdict for Franklin and against Aetna on December 12, 1984. On February 27, 1985, the trial judge reduced the amount of the verdict pursuant to a request for remittitur.
[3] The Alabama State Docks is an agency of the State of Alabama which owns and operates the general cargo docking facility at the Port of Mobile. The contract between the State Docks and Cooper is based upon the Docks Department Tariff No. 1-C, which provides that use of its facility amounts to consent to the tariff terms and conditions. Those terms include an indemnity and hold harmless provision in favor of the State Docks and a provision which requires a stevedore to maintain insurance naming the State Docks as an additional insured.
[4] The exclusivity provisions of the Alabama Workmen's Compensation Act protect an employer from suits by third-parties seeking indemnity (under contractual provisions) from claims arising out of injuries sustained by employees of that same employer. Alabama Code 1975, § 25-5-53; Paul Krebs & Associates v. Matthews & Fritts Construction Co., 356 So.2d 638 (Ala.1978); Hertz Equipment Rental Corp. v. Dravo Corp., 360 So.2d 325 (Ala.1978). However, indemnity actions arising out of injuries and lawsuits based upon the LHWCA (as in this case) are governed by federal maritime law and not the Alabama Workmen's Compensation Act. See Burrage v. Flota Mercante Grancolombiana, S.A., 431 F.2d 1229 (5th Cir.1970).