Plaintiffs, Alvin and Paula Williams, appeal from the summary judgments entered in favor of each defendant in the Colbert County Circuit Court. We affirm in part, reverse in part, and remand.
On November 23, 1982, while employed by United Parcel Service, Inc. (hereinafter "UPS"), Alvin Williams was injured in a truck accident. He was returning from his regular parcel run when the recapped left front tire of the truck he was driving blew out, causing the truck to leave the road and travel down an embankment. He sustained *Page 745 
multiple injuries as a result of the accident.
Alvin and his wife Paula Williams filed suit against the employer, UPS; the manufacturer of the tire, Michelin Tire Corporation; the entity that recapped the tire, Fleet Tread Service, Inc.; the entity that examined the tire to determine the cause of the blowout, Lynn Strickland Sales Service, Inc.; the workmen's compensation insurer for UPS, Liberty Mutual Insurance Company; and several co-employees, alleging that the recapped tire that blew out was defective, that the co-employees breached a duty they owed to Alvin Williams, and that defendants UPS and Lynn Strickland Sales Service purposely and wrongfully destroyed the tire. The court dismissed the action against UPS, and dismissed plaintiffs' claim against Michelin based upon the Alabama Extended Manufacturer's Liability Doctrine. The court then granted summary judgments in favor of all remaining defendants on all remaining claims, and plaintiffs appealed.
Plaintiffs assert that the trial court erred in granting the summary judgments against them because there was at least a scintilla of evidence to support their claims.
The standard to be used in deciding whether to grant summary judgment is stated in Rule 56 (c), Ala.R.Civ.P.:
 [Summary judgment is appropriate] if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
We have said that the scintilla rule is applicable in summary judgment cases. See Sexton v. Liberty Nat. Life Ins. Co.,405 So.2d 18 (Ala. 1981).
The sole question presented in this appeal is whether plaintiffs presented a scintilla of evidence in support of their claims, so as to render summary judgment inappropriate.
According to the depositions and affidavits submitted to the trial court, the tire and wheel were sent to Lynn Strickland Sales Service, Inc., for an analysis to determine the cause of the failure. The tire was examined by David Strickland, who stated that he examines approximately 1000-1200 failed tires a month for the transportation industry and that he has been doing these examinations for ten years. After his analysis of this tire, he reported to UPS that the tread and the belt under the tread had separated from the casing, and it was his opinion that there was no defect in the material, workmanship, or design of the tire, and that the tire failed due to an external force or foreign object and not because of any defect in the tire itself. Strickland stated that he returned the casing to UPS but retained the detached belt and tread, which he later discarded with the permission of UPS. After an undetermined period of time, UPS discarded the tire casing.
Plaintiffs posit the following facts, which they say present a scintilla of evidence of liability, thus precluding summary judgment against them: Leslie McCullough, who lived near the scene of the accident, stated in his affidavit that he walked up and down the road but saw no large objects or potholes. They offered the affidavit of Joseph Allen, a professional engineer knowledgeable in stress analysis, who hypothesized that if a recapped tire with relatively few miles (the tire in this case had approximately 50% of its tread left at the time of the accident, according to Strickland) suffers a rapid air loss without striking a foreign object in the road, then either the casing or the tread or the recapping process was faulty. Finally, Alvin Williams stated that, during the four months prior to the accident, he had had two recapped tires separate while he was making deliveries and that he had reported these failures to his co-employees. Williams further stated that he saw no foreign objects in the road the day of the accident.
Alvin Williams argues that his co-employees should be held liable for causing his injuries. Alabama law in this area is *Page 746 
that in order to hold a co-employee liable for injury to a fellow worker, the plaintiff must show either that the employer has delegated to the co-employee defendant, personally, the duty to provide a reasonably safe work place, or that the co-employee assumed this duty on his own. Clements v. Webster,425 So.2d 1058 (Ala. 1983). Plaintiff has failed to offer even a scintilla of evidence that either of these prerequisites to establishing liability was met in this case. Nothing was presented by Williams which tended to show that any of his co-employees had assumed personal responsibility for establishing a safe work place. Thus, the co-employees had no duty to Williams, and the claims against them were properly adjudicated on summary judgment.
Plaintiffs also contend that the defendants purposely and wrongfully destroyed the tire. We are of the opinion that plaintiffs have failed to offer one shred of evidence that the tire was destroyed wrongfully. According to his deposition, Strickland inspected roughly 1000 failed tires a month; he could not possibly keep them for very long before being forced to discard them. Furthermore, there is no evidence whatsoever of any collusion or conspiracy on the part of Strickland and UPS. Likewise, plaintiffs have failed to offer any proof that anyone from UPS destroyed the tire to keep it from being used as evidence. Such naked allegations, without more, will not render the trial court's summary judgments improper.
Finally, plaintiffs argue that there was at least a scintilla of evidence produced that the tire was defective. Liability based on a defective tire in this case could only be established against the manufacturer, Michelin Tire Corporation, and the recapper, Fleet Tread Service, Inc. The court dismissed the claim against Michelin that it was liable for plaintiff's injuries as a result of the defective tire. Plaintiffs' claim against Michelin was based upon the Alabama Extended Manufacturer's Liability Doctrine. In Casrell v. AltecIndustries, Inc., 335 So.2d 128 (Ala. 1976), this Court stated that in order to establish liability under the extended manufacturer's liability doctrine, the product must reach the consumer without substantial change in condition. Since the tire that Michelin put into the stream of commerce had undergone a substantial change in condition due to being recapped, Michelin cannot be held liable. Therefore, the court's dismissal of this claim against Michelin was correct. However, plaintiffs introduced expert testimony that the blow-out could have been caused by either the tire casing or the tread or the recapping process. Thus, plaintiffs have offered at least a scintilla of evidence that the recapping process was faulty, and, therefore, the summary judgment in favor of the recapper, Fleet Tread Service, Inc., should not have been granted.
For all of the above-stated reasons, the judgments of the trial court are hereby affirmed, except for the summary judgment in favor of Fleet Tread Service, Inc., which is hereby reversed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.