329 So.2d 92

Robert G. DONALD

v.

CITY NATIONAL BANK OF DOTHAN, Alabama, a National Banking Association.

SC 1623.

Supreme Court of Alabama.

Feb. 27, 1976.

J. Ronald Storey, Dothan, for appellant.

Alto V. Lee, III, and Alan C. Livingston, Dothan, for appellee.

SHORES, Justice.

The plaintiff filed suit against City National Bank of Dothan claiming damages for alleged breach of warranty on the sale of a boat. The bank denied the allegations of the complaint and filed a motion for summary judgment supported by testimony of Robert G. Donald, the plaintiff, Jesse S. Doyle and James H. Eason, officers of the bank. The plaintiff filed a brief in opposition to the motion but filed no affidavits or other testimony in opposition thereto. The court granted summary judgment and the plaintiff appealed. The only question presented is whether any genuine issue of material fact exists according to the depositions.

An officer of the bank told the plaintiff that the bank had repossessed a boat and was interested in selling it. The plaintiff says in deposition:

". . . I told him that I was possibly interested in one, because I was thinking about buying a boat to put into charter service out out of Destin, Florida."

The boat was located at Tibbetts Marina at Panama City. The plaintiff went to Panama City to "look at the boat" and says Tibbetts was in the process of making repairs on it. Prior to purchasing the boat the plaintiff hired Willings Detroit Diesel of Birmingham to inspect it. He said Willings was unable to make a "running test" because the engines would not start, but reported to him that it needed repiping, new tubes and lines, but otherwise "everything appeared okay." In addition, and again prior to the purchase of the boat, the plaintiff hired Tibbetts Boat Works to do a vessel survey and install new batteries. This report described the specifications of the boat and stated that the topsides, decking bilges and water tanks were in "good" condition.

The plaintiff contended that Tibbetts advised him that the generator was being repaired but would be shipped later.

The bank claims that no evidence was offered establishing any warranties; and, in addition, that summary judgment was proper since the plaintiff failed to file any affidavits or other testimony in opposition to its motion.

The plaintiff contends that there were issues of material fact requiring the court to overrule the bank's motion. He summarizes these issues as follows:

1. Whether the bank is a merchant with regard to the goods sold, giving rise to an implied warranty of merchantability under Title 7A, § 2–314, Code;

2. whether the bank had reason to know of any particular purpose to which the boat would be put, thereby creating an implied warranty for a particular purpose under Title 7A, § 2–315; and

3. whether the bank breached its express agreement to include a generator with the boat.

 Summary judgment in this state is never proper if there is any evidence in support of the party opposing the motion. Further, Rule 56, ARCP, must be read in context with our scintilla rule. ". . .

Thus, if there is a scintilla of evidence supporting the position of the party against whom the motion is made, so that at a trial he would be entitled to go to the jury, summary judgment cannot be granted." Rule 56, ARCP, Comments; *Langan Construction Co. v. Dauphin Island Marina, Inc.*, 294 Ala. 325, 316 So.2d 681 (1975). Moreover, the movant has the burden of showing the absence of any genuine issue of material fact and all reasonable doubts touching the existence of a genuine issue of material fact must be resolved against the movant party. *Bennett v. United Auto Parts, Inc.*, 294 Ala. 300, 315 So.2d 579 (1975).

Nevertheless, summary judgment does serve a useful purpose. The procedure is designed to pierce the pleadings and determine if causes or defenses lack real merit. It is said ". . . the rule is intended to prevent vexation and delay, improve the machinery of justice, promote the expeditious disposition of cases, and avoid unnecessary trials when no genuine issues of fact have been raised." 10 C. Wright & R. Miller, Federal Practice and Procedure: Civil § 2712 (1973).

Rule 56(e), ARCP, provides in part:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The plaintiff did not file any affidavits or other testimony in opposition to the motion. However, as noted in the last sentence of Rule 56(e), supra, summary judgment can still only be entered against him if "appropriate." That is, the movant party must initially show the absence of a genuine issue of material fact. *Dawkins v. Green*, 412 F.2d 644 (5th Cir. 1969).

▮ But, since the purpose of a motion for summary judgment is to test the evidence to determine if any real issue exists, the failure of the party opposing the motion to offer any affidavits or other testimony to contradict the evidence presented by the movant party leaves the court no alternative but to consider that evidence uncontraverted. *Epps v. Remmel*, 237 Ark. 391, 373 S.W.2d 141 (1963).

▮ Part of the evidence offered by the bank in this case was the deposition of the plaintiff. If there is testimony in his deposition which would contradict the facts as set out in the other testimony, then the failure of the plaintiff to offer counteraffidavits or testimony would be of no consequence since repetition of the same facts in a counteraffidavit would be a useless act. *Powell v. United States Steel Corp.*, 305 F.Supp. 645 (S.D.W.Va.1969).

We turn now to the evidence.

Two officers of the bank testified that the bank made absolutely no representations whatever concerning the boat; that the plaintiff was told that all the bank wanted was to get rid of the boat and was not willing to finance the purchase; and that it wanted "'. . . to sell the boat as it sits at Mr. Tibbetts['] dock. . . . .'"

The depositions of the bank's officers state unequivocally that no officer or employee of the bank ever made any representation of any kind about the boat, other than there were no liens or encumbrances against it. The plaintiff offered no evidence of any express warranty or representation other than as to the inclusion of a generator with the boat. He does contend on appeal that an implied warranty of merchantability was made under the provisions of Title 7A, § 2-314, which provides, in part:

". . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . ."

§ 2–314(c) provides that goods to be merchantable must be at least such as "are fit for the ordinary purposes for which such goods are used; . . ."

A merchant is defined by Title 7A, § 2–104(1), as:

". . . a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction . . ."

A merchant is defined in Anderson, Uniform Commercial Code, Vol. 1, § 2–104:4 (2d ed. 1970), as follows:

"(a) Dealer. He may be a person who deals in goods of the kind involved. Whether he deals in other goods is immaterial. He must deal in goods of the kind involved in the transaction in order to come within the first category.

"(b) Representation. He may be a person who by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction. Whether he actually has such knowledge or skill is immaterial if he so holds himself out."

Obviously, a bank may be a merchant under the U.C.C. definitions (see Official Comments to § 2–104); but absolutely no evidence was offered in this case to bring the bank within either of the definitions. No evidence was offered that the City National Bank of Dothan deals in the kind of goods involved in this transaction—boats—or that it holds itself out as having knowledge or skill peculiar to such goods.

■ The record before the trial court and here indicates that the sale of the boat was no more than an isolated transaction by the bank.

*Prince v. LeVan*, Alaska 1971, 486 P.2d 959 (9 U.C.C. Reporting Service 367), also involved a sale of a boat. In treating the same issue the court said:

"In the present case we deal with a single isolated transaction. Defendants were not shown to deal in vessels or to possess peculiar knowledge or skill in relation to vessels. Defendants were therefore not merchants [under U.C.C., § 2–104(1)] and a warranty of merchantability may not be implied [under U.C.C., § 2–314]." At 964 (9 U.C.C. Reporting Service at 375)

The plaintiff next argues that an implied warranty of fitness was made within Title 7A, § 2–315, which provides:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."

■ This provision of the U.C.C. deals with an implied warranty of fitness for a *particular* purpose as opposed to ordinary purpose under the warranty of merchantability. This warranty is implied if:

1. The seller has reason to know the buyer's particular purpose; *and*

2. the seller has reason to know that the buyer is relying on the seller's skill or judgment to furnish appropriate goods; *and*

3. the buyer, in fact, relied upon the seller's skill or judgment. J. White & R. Summers, Handbook of the Law under the Uniform Commercial Code, § 9–9 (1972).

■ Although the plaintiff's deposition indicates that he told the bank officer that he "was thinking about buying a boat to put into charter service out of Destin, Florida," the record is devoid of any evidence that the plaintiff in anywise relied upon the bank's skill or judgment (or indeed that it possessed such skill or judgment) that the boat was fit for a particular purpose, here, charter service. To the contrary, the only evidence adduced on the implied warranty of fitness for a particular purpose indicates that plaintiff did not rely on the bank's skill or judgment. He offered no evidence to show that the bank possessed any skill or knowledge upon which he could have relied. In fact, the deposition of the plaintiff reveals the contrary. He, himself, had independent inspections and surveys made of the boat at his own expense and relied upon these reports in making the purchase rather than upon any skill or knowledge of the seller. *Sylvia Coal Co. v. Mercury Coal & Coke Co.*, 151 W.Va. 818, 156 S.E.2d 1 (1967); *Vacuum Concrete Corp. v. Berianti Construction Co.*, 206 Pa.Super. 548, 214 A.2d 729 (1965).

No evidence was presented to establish an implied warranty of fitness for a particular purpose under Title 7A, § 2–315.

This case is here on the plaintiff's appeal from a summary judgment granted in favor of the bank.

■ The only question remaining concerns the generator, which the plaintiff says was not on the boat and which he says he has yet to receive. In his deposition, the plaintiff says " . . . when I first asked the bank about the boat, they said, yes, it had a generator on it." We think this testimony establishes a scintilla of controversy as to whether the defendant made a warranty with respect to the generator. Since, on this issue, a genuine issue of material fact was established, summary judgment was improper as to this issue.

■ The bank, therefore, was entitled to partial summary judgment; but, as such motion related to the generator, it should have been denied. ARCP 56(b). A partial summary judgment is appropriate when separate claims are involved and there is no genuine issue of fact as to less than all of such claims. *Raible v. Newsweek, Inc.*, 341 F.Supp. 804 (W.D.Pa.1972); *Triangle Ink & Color Co., Inc. v. Sherwin-Williams Co.*, 64 F.R.D. 536 (N.D.Ill.1974). " . . . A separate claim has been defined as that which is entirely distinct from other claims involved in an action which arises from a different occurrence or transaction which form the basis of separate units of judicial action. [Citations omitted]." (64 F.R.D. at 538)

Since there is a scintilla of evidence in support of the claim involving the generator and since that claim is separate from the claims involving the alleged warranty of merchantability, and warranty of fitness for a particular purpose, partial summary judgment under ARCP 56(b) was appropriate; but the plaintiff is entitled to a trial insofar as his claim that the bank told him the boat included a generator.

Affirmed in part, reversed in part and remanded.

MERRILL, MADDOX, JONES and EMBRY, JJ., concur.