SHORES, Justice.
Appellant, Annie Jenkins, filed a complaint against the Jefferson County Committee for Economic Opportunity (JCCEO), her employer, and two of its supervisory employees, Seth O’Korley and John Windsor, alleging that she was terminated in violation of the procedures established in the JCCEO personnel manual. Defendants moved for summary judgment on the grounds that plaintiff’s employment was terminable at will by either party, regardless of the terms of the personnel manual. This motion was supported by JCCEO’s answers to plaintiff’s interrogatories and its pleadings.
The motion for summary judgment was filed May 24, 1979, and set for hearing on June 6, 1979. Nothing was filed by the plaintiff in response to the motion for summary judgment; and, following the hearing, the motion was granted and final judgment was entered in favor of all three defendants.
ARCP 56(e) provides:
“ . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.”
Defendants’ assertion that plaintiff’s employment was terminable at will stands un-controverted. Thus, they have carried their initial burden of negating any genuine issue of fact. The plaintiff, with the case in this posture, cannot rest on the allegations of the complaint. Under the rule, to avoid summary judgment against her, she must respond to defendants’ motion for summary judgment by presenting affidavits or other evidence showing a genuine issue for trial. This she did not do. Donald v. City Nation *1243 al Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). Therefore, the judgment is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.