In this case, Harold Brown Builders, Inc., defendant below, appeals from the granting of summary judgment against it on the second count of its counterclaim. Defendant asks our review of the propriety of the order granting that judgment.
The Jordan Company, plaintiff, brought action against defendant to collect the outstanding indebtedness due on a series of notes and mortgages. Defendant answered and alleged two counts in its counterclaim. The first count sought $200.00, the statutory penalty under Code 1975, § 35-10-30, for plaintiff's alleged failure to make an entry of satisfaction on one of the mortgages held by the plaintiff. The second count sought *Page 37 
damages in the amount of $125,000.00 for plaintiff's alleged willful, wanton, and malicious failure to satisfy the disputed mortgage, and for the alleged attempt by the plaintiff to extort money from the defendant over and above the amounts due on the note and mortgage involved.
Plaintiff moved for summary judgment on the second count of defendant's counterclaim, and made an offer of judgment to defendant in the amount of $200.00 on its first count. The motion was heard before trial and granted by the circuit court. The case then proceeded to trial before a jury on plaintiff's complaint, and the first count of defendant's counterclaim which sought $200.00 in statutory damages. The circuit court judge, at the close of trial, in response to motions for directed verdicts by both plaintiff and defendant, directed the jury to return a verdict for the plaintiff on its complaint, in the amount of $16,575.46, and for the defendant on the first count of its counterclaim in the amount of $200.00. The jury returned the verdicts as directed.
Defendant contends that the trial court erred in granting summary judgment on the second count of its counterclaim, and that it should have been allowed to proceed to trial on that count. Two issues are dispositive of this appeal. The first is whether plaintiff's motion for summary judgment was properly supported as required by Rule 56, ARCP. The second is whether it was appropriate for the trial court to grant summary judgment. We answer yes to both and affirm.
Defendant argues that plaintiff failed to properly support its motion for summary judgment. Although plaintiff's motion for summary judgment was not accompanied by affidavits, it was supported by the deposition of plaintiff's vice-president that was taken by the defendant. In view of this, we cannot agree with defendant that plaintiff's motion was unsupported. Further, we observe that plaintiff's motion for summary judgment is properly within the scope of Rule 56 (b), ARCP, and that supporting affidavits are not required under that subsection of the rule. That rule provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with orwithout supporting affidavits for a summary judgment in his favor as to all or any part thereof." [Emphasis added.]
We are aware, as defendant argues, that Rule 56 (e), ARCP, addresses the need for a party to respond to a motion for summary judgment, when such a motion is made and supported under Rule 56. However, we do not accept defendant's argument that affidavits were necessary to support plaintiff's motion. Rule 56 (b), ARCP, was applicable to the facts of this case because the plaintiff moved for summary judgment against a counterclaim of the defendant.
We next consider the issue of whether it was appropriate for the trial court to enter summary judgment against the defendant on count two of its counterclaim. This court has said, considering the question of the appropriateness of summary judgment, that:
 In determining whether a summary judgment is proper, the ultimate question is whether there remains a genuine issue of material fact, and if there is one, summary judgment is inappropriate, Rule 56 (e) ARCP; 6 Moore's Fed.Prac., par. 56.15 (2nd ed. 1971). Put in another way, "[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."
First National Bank of Birmingham v. Culberson, 342 So.2d 347,351 (Ala. 1977).
More recently, the court observed in Campbell v. AlabamaPower Co., 378 So.2d 718, 721 (Ala. 1979), that the scintilla evidence rule applies to summary judgment motions:
 This rule must be considered in the context of the scintilla evidence rule applicable in Alabama. Thus, if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at *Page 38 
trial he would be entitled to go to the jury, a summary judgment may not be granted. Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92
(1976). Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the non-movant. Tolbert v. Gulsby, 333 So.2d 129
(Ala. 1976).
With the above principles in mind, we will consider defendant's contention that the entry of summary judgment against it was error.
At trial, the defendant represented by an attorney other than its present one, failed to respond to plaintiff's motion for summary judgment. Although an adverse party is not required to respond to a motion for summary judgment, this court has noted failure to do so may be perilous for the adverse party. Ray v.Midfield Park, 293 Ala. 609, 308 So.2d 686 (1975). By defendant's failure to respond to the motion, the trial court had no alternative but to consider the evidence presented by the moving party as uncontroverted. Donald v. City NationalBank, 295 Ala. 320, 329 So.2d 92 (1976). The remaining question for the trial court then became, whether it was appropriate for summary judgment to be entered against the defendant. Miles v.Bank of Heflin, 295 Ala. 286, 328 So.2d 281 (1975). We have reviewed the deposition of plaintiff's vice-president and find no material issue of fact remaining, and, therefore, agree with the decision of the trial court.
Defendant contends that it is logically inconsistent for the trial court to allow its first count, for statutory damages, to go to the jury, and to grant summary judgment against its second count which arises from essentially the same facts. Defendant calls our attention to the fact that whether plaintiff acted wilfully, wantonly or maliciously in not satisfying his mortgage as alleged in his complaint is properly a jury question. We agree that in many situations this is true. Here, however, the trial court was required to accept as uncontroverted the evidence in the deposition of plaintiff's vice-president because of defendant's failure to respond to the motion for summary judgment. Taken as uncontroverted, we believe there was no remaining material issue of fact for the jury to resolve. Further, we see no logical inconsistency in holding that there may be a breach of Code 1975, § 35-10-30, without accompanying malice, willfulness, wantonness or extortion.
The summary judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.