405 So.2d 1358 (1981)
Francis JOYCE and Columbia Joyce, Appellants,
v.
COMBANK/LONGWOOD, a Florida Banking Corporation, N/K/a Combank/Seminole County, Florida, Appellee.
No. 80-1207.
District Court of Appeal of Florida, Fifth District.
November 18, 1981.
Leon B. Cheek, III, Altamonte Springs, for appellants.
Marvin E. Rooks, Casselberry, for appellee.
ORFINGER, Judge.
We are asked to determine on this appeal if the sale by the bank of a repossessed automobile carries with it the implied warranty of merchantability contained in section 672.2-314(1), Florida Statutes (1979).[1] The trial court held that it did not and granted a summary final judgment in favor of the bank. The purchaser appeals and we affirm.
The facts appear in the record without dispute. Appellants filed suit against the bank alleging that they had purchased a vehicle from the bank which they subsequently discovered to have a defectively repaired front axle. The front axle broke and appellants wanted a refund of the purchase price. The vehicle in question had been repossessed by the bank. Both parties agree that the bank made full disclosure of a minor accident involving the car, but not a broken axle of which the bank was unaware. Plaintiffs did not assume the bank knew any more about the car than they did, and the bank did not hold itself out as having any special knowledge about the car. Pursuant to normal banking practice, Combank sold four other repossessed automobiles during the preceding year. The bank does not hold itself out as having any special knowledge or skill with respect to automobiles when making such sales.
*1359 Unless excluded or modified, a warranty of merchantability is implied in a contract for sale of goods "if the seller is a merchant with respect to goods of that kind." § 672.2-314, Fla. Stat. (1979). The trial court determined, however, that "Defendant, Combank/Seminole County, is not a merchant as that term is defined in the Uniform Commercial Code with respect to the sale of used cars."
Appellant contends that the trial court could not make this determination as a matter of law because the record shows that the bank had repossessed and sold four other automobiles within the one-year period immediately preceding the transaction in question, so there was a factual issue on whether the bank was or was not a "merchant" under section 672.2-104. We disagree. While the general definition of "merchant" under section 672.2-104(1) is relatively broad,[2] the term becomes more sharply defined when the implied warranty provision of section 672.2-314 is called into play. The official comments to section 672.2-104 say:
On the other hand, in section 2-314 on the warranty of merchantability, such warranty is implied only "if the seller is a merchant with respect to goods of that kind." Obviously this qualification restricts the implied warranty to a much smaller group than everyone who is engaged in business and requires a professional status as to particular kinds of goods. [emphasis added].
The record is clear that the bank had no specialized knowledge as to automobiles nor did the bank employee who sold the car. In fact, appellant Francis Joyce testified that he was better qualified to determine the condition of the car than was defendant's employee who negotiated the sale. It appears without dispute that the bank had no "professional status as to the particular [kind] of goods."
Under similar code provisions other states have reached the same result. In Donald v. City National Bank of Dothan, 329 So.2d 92 (Ala. 1976), the bank was sued because of an alleged breach of warranty in the sale of a repossessed boat. In sustaining a summary judgment for the bank, the court said
"No evidence was offered that the [Bank] deals in the kind of goods involved in this transaction  boats  or that it holds itself out as having knowledge or skill peculiar to such goods.
The record before the trial court and here indicates that the sale of the boat was no more than an isolated transaction by the bank."
Id. at 95.
Appellant says that here, the fact that five repossessed vehicles were sold in the one-year period involves more than "an isolated transaction," but we do not agree that the number of transactions alone is material. In All State Leasing Co. v. Bass, 96 Idaho 873, 538 P.2d 1177 (1977), a leasing company had leased a car wash unit to a lessee. Defending a suit for breach of lease payments, the lessee alleged a breach of implied warranty of merchantability under that State's counterpart of section 2-314. The court held that even forty to fifty such lease transactions within the prior six to eight months did not, in and of itself, make the leasing company a "merchant" under the code.
There is no showing here that the bank deals in the kind of goods involved here or that the sales of the repossessed automobiles were anything other than isolated, sporadic occurrences. On the record before us, the trial court was correct in its holding that the bank was not a "merchant" and that there was thus no implied warranty of merchantability in the sale of the repossessed *1360 automobile. The summary final judgment is
AFFIRMED.
COBB and FRANK D. UPCHURCH, JJ., concur.
NOTES
[1] § 672.2-314(1), Fla. Stat. (1979):

Unless excluded or modified (§ 672.2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.
[2] Section 672.2-104(1), Florida Statutes (1979):

"Merchant" means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.