This is an appeal by Couch, Inc. (Couch) from the Houston County Circuit Court's grant of summary judgment for the appellee, Dothan-Houston County Airport Authority, Inc. (the Authority).
We have only one issue to consider in this appeal. That issue is: Did the trial court err in granting the Authority's motion for summary judgment? Considering well established principles of law applicable to summary judgment, we conclude that it did. Therefore, the judgment of the trial court is reversed.
On September 26, 1980, Couch entered into a contract with the Authority for the completion of particular improvements at the Dothan Airport. The major portion of the contract involved the asphalt resurfacing of the airport's main runway. Shortly after the contract was signed, a dispute arose between the parties concerning the composition of the asphalt to be used on the project. By letter dated October 9, 1980, Couch notified Wainwright Engineering Company (the Engineer) that it took exception to the mix design which the Engineer specified for the project and that it would present a claim for any expenses resulting from the disagreement. On October 13, the Engineer wrote the Authority, stating that any claim made by Couch regarding the mix design should not be considered for payment. On October 14, 1980, the Authority's attorney, Mr. Jackson, wrote Couch a letter, which states in pertinent part:
 Please take notice that the Authority, in rejecting the claim for additional compensation, does not expect to pay any additional sums and Couch, Incorporated proceeds at the risk of not receiving payment over and above the Contract price.
On October 15, 1980, Couch wrote Mr. Jackson, stating that it was proceeding with the work as required by the contract, under protest, notwithstanding the Authority's rejection of its claim. Couch then proposed two mix designs for the project, both of which were rejected by the Engineer. Following the rejection of its second design, Couch again wrote to the Engineer, stating that it would present a claim at the completion of the project and would pursue arbitration, if necessary.
Upon substantial completion of the project, Couch submitted a claim for $34,770.69 to the Engineer; it was rejected. On April 20, 1981, Couch filed a demand for arbitration with the American Arbitration Association, seeking $34,770.69 plus expenses due as the result of being required to use the mix design specified by the Engineer rather than one which could *Page 16 
reasonably have been designed using the material proposed by Couch.
On May 1, 1981, the Authority filed this suit as a declaratory judgment action seeking to enjoin the arbitration proceeding and to obtain a determination that Couch had waived its right to pursue a claim against the Authority due to its failure to comply with section 50-16 of the contract. Couch then filed a motion to stay the declaratory judgment proceeding pending arbitration. The trial court denied Couch's motion to stay and stated that Couch must assert any defenses it had in a compulsory counterclaim. Couch, then, filed an answer and a counterclaim. In its answer, Couch denied the material allegations of the complaint and asserted a number of affirmative defenses, including waiver and estoppel. In its counterclaim, Couch sought $34,770.69 in damages. On November 18, 1981, the Authority filed a motion for summary judgment accompanied by a letter and an affidavit. After considering the pleadings and all other documents filed, the trial court granted the Authority's motion for summary judgment. After its motion for reconsideration was denied, Couch appealed.
In Harold Brown Builders, Inc. v. Jordan, 401 So.2d 36 (Ala. 1981), we said:
 In determining whether a summary judgment is proper, the ultimate question is whether there remains a genuine issue of material fact, and if there is one, summary judgment is inappropriate, Rule 56 (e) ARCP; 6 Moore's Fed.Prac., par. 56.15 (2nd ed. 1971). Put in another way, "[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." First National Bank of Birmingham v. Culberson, 342 So.2d 347, 351 (Ala. 1977). More recently, the court observed in Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala. 1979), that the scintilla evidence rule applies to summary judgment motions.
 This rule must be considered in the context of the scintilla evidence rule applicable in Alabama. Thus, if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted. Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92
(1976). Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the non-movant. Tolbert v. Gulsby, 333 So.2d 129
(Ala. 1976).
401 So.2d at 36-37.
Section 50-16 of the contract states:
 50-16 CLAIMS FOR ADJUSTMENT AND DISPUTES. If for any reason the contractor deems that additional compensation is due him for work or materials not clearly provided for in the contract, plans, or specifications or previously authorized as extra work, he shall notify the engineer in writing of his intention to claim such additional compensation before he begins the work on which he bases the claim. If such notification is not given or the engineer is not afforded proper opportunity by the contractor for keeping strict account of actual cost as required, then the contractor hereby agrees to waive any claim for such additional compensation. Such notice by the contractor and the fact that the engineer has kept account of the cost of the work shall not in any way be construed as proving or substantiating the validity of the claim. When the work on which the claim for additional compensation is based has been completed, the contractor shall, within 10 calendar days, submit his written claim to the engineer who will present it to the owner for consideration in accordance with local laws or ordinances.
With its documents in support of its motion for summary judgment, the Authority attempted to show that Couch had waived its right to make a claim for additional compensation due to Couch's failure to comply with the provisions of section 50-16. First, the Authority presented evidence that *Page 17 
Couch had waived its right since it did not afford the Engineer an opportunity to keep strict account of the actual cost of the work on which the claim for additional compensation was made. However, in its affidavit, presented in opposition to the Authority's motion for summary judgment, Couch stated that the Engineer had full access to Couch's work and that the Engineer made monthly cost estimates of the project. Couch's denial then created a dispute concerning a material fact, thus rendering summary judgment inappropriate.
Second, the Authority presented evidence that Couch had waived its right to make a claim on the ground that Couch did not submit its claim within ten (10) days after completion of the work on which the claim was based. However, in answer, Couch asserted the affirmative defense of waiver and estoppel; the Authority presented no evidence to negate Couch's allegation that a waiver had occurred. In addition, Couch's affidavit in opposition to the motion set forth the facts on which it based its defenses of waiver and estoppel. Since the authority presented no evidence to refute Couch's defense of waiver and estoppel, summary judgment was inappropriate.
Inasmuch as there are genuine issues of material fact, the trial court erred in granting summary judgment. Its judgment is reversed, and the case is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.