Appellant filed suit in the Circuit Court of Coffee County on November 1, 1984, to enjoin the foreclosure by appellee of a mortgage executed by appellant and his wife to appellee bank on May 8, 1965, alleging that the indebtedness secured by the mortgage had been paid. On November 1, 1984, and again on November 28, the trial court granted orders temporarily restraining the foreclosure. Appellee filed its answer and counterclaim on November 14, alleging certain indebtedness due appellee by appellant, further asking that the restraining order be dissolved, and that the appellee be allowed to proceed with the foreclosure. Appellant then filed on November 29, 1984, an amended complaint against appellee claiming damages for falsely and maliciously publishing the foreclosure notice, i.e., "wrongful foreclosure," and again alleging that the mortgage indebtedness had been paid. On July 16, 1985,[1] the trial court dissolved its previous order enjoining the foreclosure; permitted and directed appellee to proceed with foreclosure of the mortgage in question; granted summary judgment in favor of appellee on the issue of appellant's debt; and dismissed appellant's claim for wrongful foreclosure. We reverse in part and affirm in part.
In regard to the standard for the entry of summary judgment, this Court held in Pittman v. Martin, 429 So.2d 976 (Ala. 1983), as follows:
 "On a motion for summary judgment, under Rule 56, A.R.C.P., all reasonable inferences from the facts are viewed most favorably to the non-moving party. . . . If there is any evidence supporting the position of the party against whom the motion for summary judgment is made, so that a triable issue is entitled *Page 42 
to go to the jury, summary judgment cannot be entered."
This standard has also been stated in another way:
 "Implicit in the trial court's resolution of the summary judgment is the application of certain principles of law. Summary judgment is appropriate if after the court considers the pleadings, depositions, answers to interrogatories, admissions, and affidavits, there is no genuine issue as to any material fact. First National Bank of Birmingham v. Culberson, 342 So.2d 347, 351 (Ala. 1977); Rule 56, A.R.C.P. The scintilla evidence rule also applies to summary judgment motions. If there is the slightest gleam, glimmer, or spark of evidence that would support a party's contention, summary judgment should be denied. In this connection we have said that all reasonable inferences from the facts are to be viewed most favorably to the non-movant. Harold Brown Builders, Inc. v. Jordan Company, 401 So.2d 36 (Ala. 1981); Campbell v. Alabama Power Co., 378 So.2d 718
(Ala. 1979); Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976); Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976)."
Sexton v. Liberty National Life Insurance Co., 405 So.2d 18
(Ala. 1981).
On the rehearing of the motion for summary judgment, appellant offered an affidavit in which he stated that the mortgage had been paid in November 1976. Likewise, in appellant's deposition, he testified that the mortgage had been paid and offered a copy of a letter from the Small Business Administration (which had guaranteed the loan) stating that the debt had been paid. This testimony was as follows:
 "Q. Now, Dr. Cooper, I am going to refer to your office mortgage as Mortgage Book 37-A. Has a foreclosure proceeding been advertised in connection with that mortgage to the best of your knowledge?
"A. It has.
 "Q. At the time that it was first advertised, to your knowledge, had that mortgage been paid?
"A. To my knowledge it had been paid.
 "MR. STOKES: Let me have a copy of that letter and ask that it be marked.
"(Plaintiff's Exhibit 1 marked for identification.)
 "Q. Now, your office building mortgage which is referred to as 37-A, it was — the repayment of that loan was guaranteed by the Small Business Administration, was it not?
"A. That's correct.
 "Q. I show you here a copy of a letter that was written to me by the District Council of the Small Business Administration with reference to that loan which shows that this loan was paid in full on November 10, 1976. And I ask you, to the best of your knowledge if that is a true and correct copy of that letter?
"A. That is correct.
 "MR. STOKES: We offer it into evidence as Plaintiff's Exhibit 1."
We feel that this is sufficient to establish a scintilla of evidence to support appellant's contention; therefore, summary judgment should not have been granted on the issue of wrongful foreclosure.
Appellee argues that appellant had repledged the "property" to it through a series of security instruments evidencing advances of money by it to appellant. Common to these security instruments is the statement:
 "A security interest is retained in the following property, herein called `Collateral.'
 "Three Real Estate mortgages recorded in the Elba Probate Office in
 "Book 37A page 177[2]
"Book 44A page 269 "Book 58A page 15
"220 shares Peoples Bank Stock" *Page 43 
Two of these documents were executed prior to the date of the alleged repayment and two were executed afterward.
The trial court had before it the mortgage executed by appellant and his wife on May 8, 1965, in favor of appellee. This instrument contained no "dragnet" clause providing for additional advances but contained the following "defeasance" clause:
 "Upon condition, however, that if the said Mortgagor pays said indebtedness, and reimburses said Mortgagee or assigns for any amounts Mortgagees may have expended for taxes, assessments, and insurance, and interest thereon, then this conveyance to be null and void. . . ."
The effect of a similar defeasance clause was considered by this Court in Underwood v. Jarvis, 358 So.2d 731 (Ala. 1978). In that case, there was a dragnet clause and a defeasance clause. The court held that the dragnet and defeasance clauses would be construed together to discern whether there was a clear and explicit intent to cover other debts; the Court then held that notwithstanding the dragnet clause, antecedent and subsequent debts of the mortgagors were not covered, in view of the language in the defeasance clause indicating that the mortgage would be discharged on payment of the primary debt. This case was followed in the case of In re Bonner, 43 B.R. 261
(N.D.Ala. 1984). See also Malkove v. First National Bank ofMobile, 295 Ala. 191, 326 So.2d 108 (1976), and Annot., 3 A.L.R. 690, § (b), at 705 (1919). There being no "dragnet" clause in the instant mortgage, the defeasance clause would limit the debt secured to the sums referred to in the consideration clause. That debt was $43,000, advanced on May 8, 1965, together with any sums "expended for taxes, assessments, and insurance, and interest thereon."
Appellant makes no argument as to the amount of the indebtedness owed appellee; therefore, we will not disturb this part of the trial judge's order. That part of the summary judgment permitting foreclosure of the May 8, 1965, mortgage and dismissing the claim for wrongful foreclosure is hereby reversed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
[1] The court had previously entered the same order on March 12, but, on appellant's motion, had granted a rehearing.
[2] The mortgage in question.