MADDOX, Justice.
Mimi Edwards (representative of the estate of Teresa Lynn Carnes) filed a wrongful death action in the Circuit Court of Madison County against the National Speleological Society, Inc. (“NSS”), and numerous other defendants. The trial court granted summary judgment in favor of NSS. We affirm.
On October 13, 1984, Teresa Lynn Carnes slipped and fell 80 feet to the bottom of a pit, commonly known in the community as the “Natural Well,” located on Monte Sano Mountain, near Huntsville, Alabama. Carnes died as a result of the physical injuries sustained in the fall. A chain link fence had been placed around the entrance to the Natural Well in the early 1970’s by the Monte Sano State Park. During the last decade, various repairs and modifications were made to the fence, and the latest modifications to the fence occurred approximately one month prior to Carnes’s death. The work was performed by members of the Huntsville Grotto, some or all of whom are members of the NSS.
The NSS is a national organization with approximately 6,000 members. It is a nonprofit corporation, incorporated in the District of Columbia, and its national headquarters are located in Huntsville, Alabama. A publication which contains the history of the NSS states that “there are more than 150 local chapters of the NSS throughout the country.” These local groups, usually known as “Grottos” conduct regular meetings and serve as a means of organizing speleologists within a geographical area. The NSS urges members (though they are not required to do so) *338 to join a local grotto in order to take part in joint explorations and publication work and to enjoy the programs and fellowship of other members.
The NSS constitution defines “internal organizations” as those “groups which have been chartered by the Society to further promote the purposes of the Society.” The constitution further provides that “a chapter (Grotto, Student Grotto) is an internal organization made up of individuals who reside in the same general locality.” Appendix D of the constitution establishes the policy for internal organizations. This policy provides:
“3. Every Internal Organization shall have complete freedom of action in its organization and fiscal policies, except that no Internal Organization shall engage in any activity which is detrimental to speleology, conservation, safety, or the best interests of the National Speleological Society. Such activity is sufficient cause for revocation of the organization’s charter by the Board of Governors.
“4. The membership of Internal Organizations should conform to the following requirements:
“C. Internal Organizations may, at their option, have members who are not members of the Society, who may not hold office in the organization or count toward representation in the Congress of Grottos, and who are limited to a year or less on this status.”
Internal organizations have the responsibility of submitting an annual report to the NSS, submitting copies of publications, cooperating with the NSS in establishing sound conservation and safety practices and assisting in furthering the purposes of the NSS. The NSS is a non-profit tax exempt organization under the provisions of the Internal Revenue Code. The Internal Revenue Service has ruled, however, that individual chapters or grottos are not covered by the Society’s non-profit tax exemption, and must obtain their own exemption if they desire that status.
Edwards filed a complaint against the NSS in March 1985, alleging that agents of NSS were negligent or wanton in repairing and modifying the fence surrounding the Natural Well. NSS filed a motion to dismiss, or, in the alternative, for summary judgment, alleging that there was no dispute as to any material fact and that NSS was entitled to a judgment as a matter of law. Edwards then filed a Rule 8(d), Ala. R.Civ.P., motion requesting the court to deem as admitted all averments of her complaint to which a responsive pleading was required. The court denied the 8(d) motion and granted the motion for summary judgment in favor of NSS. Edwards appeals.
The first contention made by Edwards is that the trial court erred in granting summary judgment in favor of NSS because, she says, there was a genuine issue of material fact as to whether the modifications to the fence surrounding the Natural Well were performed by agents of NSS (members of the Huntsville Grotto). Edwards contends that the affidavits from NSS give rise to a scintilla of evidence that the repairs and modifications to the fence around the Natural Well were made by agents of NSS.
The well settled rule in Alabama is that in order for summary judgment to be proper the moving party has the burden of showing by the affidavits and pleadings that there is no genuine issue of material fact, and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Bon Secour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala. 1981). The scintilla evidence rule applies to summary judgment motions:
“Thus, if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted.”
Harold Brown Builders, Inc. v. Jordan Co., 401 So.2d 36 (Ala.1981), quoting from Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). All reasonable inferences must be considered *339 in a light most favorable to the non-moving party. Harold Brown Builders, Inc. v. Jordan Co., supra. It is also well established in this state that the test of agency is the right of control. It is not essential that the right of control be exercised, so long as the right actually exists. Cordes v. Wooten, 476 So.2d 89 (Ala.1985).
The evidence, when considered most favorably to Edwards, reveals that the individuals who made the repairs were members of a local chapter of the NSS (the Huntsville Grotto) and that some or all of them were therefore members of the national organization. The undisputed facts show that the Monte Sano State Park requested the Huntsville Grotto, a local chapter of NSS, to assist it with certain work on the fence at the Natural Well. Most of the individuals who did the repair work were also members of the NSS. Yet the fact of their membership is merely coincidental and has nothing to do with the request which was made of those volunteers by the local chapter to assist with the repair work on the fence.
The relationship between the national organization and the local grotto is clearly set out by the constitution and by-laws of the NSS. These documents clearly show that there is no “right of control” of the NSS over the local chapters or grottos. They provide that each local grotto “shall have complete freedom of action in its organization and fiscal policies.” The separation of the local chapters from the NSS is further shown by the fact that the local grotto is not covered by the IRS tax exemption granted the NSS.
The affidavits and pleadings of NSS clearly establish that NSS was not involved in the repair work at the Natural Well and that the NSS did not have the right of control, whether exercised or not, over the members of the Huntsville Grotto. We are, therefore, of the opinion that NSS sustained its burden of proving no triable issue of fact and that the trial court correctly granted summary judgment in favor of NSS.
The second issue raised by Edwards is whether the trial court erred when it overruled the Rule 8(d) motion. Edwards contends that Rule 8(d), Ala.R.Civ.P., requires the trial court to deem as admitted averments in a complaint when an answer is not filed. Edwards asserts that the courts which have construed Rule 8(d) make it clear that a defending party in a lawsuit must be extremely careful to avoid an admission arising from its failure to deny.
Rule 8(d), Ala.R.Civ.P., provides:
“(d) Effect of Failure to Deny. Aver-ments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.”
Rule 56(b), Ala.R.Civ.P., provides that “[a] party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment.” The filing of an answer is not a prerequisite to the consideration of a motion for summary judgment. Forester & Jerue, Inc. v. Daniels, 409 So.2d 830 (Ala. 1982). The trial court correctly denied the Rule 8(d) motion. It was not necessary for NSS to file an answer before the trial court ruled on its motion for summary judgment.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ.