PER CURIAM.
The plaintiff, Clifford McGhee, appeals from a summary judgment for the defendants, which was made final pursuant to Rule 54(b), A.R.Civ.P.
Because of our reversal of the summary judgment as to the plaintiff’s claims for wrongful foreclosure and for an accounting by defendant Mid-State Homes only,[1] a detailed recital of the evidence offered in *280 support of, and in opposition to, the motion for summary judgment would serve no useful purpose. Suffice it to say that the plaintiffs evidence is insufficient to raise a factual issue on any of his claims against any of the defendants except for his wrongful foreclosure claim against Mid-State Homes and his claim for an accounting by that defendant. As to those other claims, the summary judgment is affirmed.
This evidence, however, raised multiple factual issues, which the trial court necessarily determined in favor of Mid-State in order to grant its motion for summary judgment with respect to the plaintiffs claim for wrongful foreclosure. Because there were factual issues to be determined, summary judgment was improper. Rule 56(c), A.R.Civ.P. See Cooper v. Elba Exchange Bank, 496 So.2d 41 (Ala.1986) (this case is instructive only to the extent of its holding that summary judgment was not appropriate as to the claim there asserted — wrongful foreclosure).
While, under the instant circumstances, the criminal conduct of Mid-State’s employee (misappropriation of corporate funds) is not imputable to the employer with respect to the plaintiffs claims based on misrepresentation, conspiracy, and the tort of outrage, whether Mid-State’s subsequent act of foreclosure is an actionable wrong is dependent, at least in part, upon the fact-finder’s determination of the status of the plaintiff’s mortgage payments.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.

. The trial court denied Mid-State’s motion for summary judgment on the plaintiffs claim for an accounting.