ON APPLICATION FOR REHEARING
The basis of the defendant's application for rehearing is that, on original deliverance, this Court did not address its argument that, even if the plaintiff had stated a claim under the Dram Shop Act, summary judgment as to that claim was nevertheless proper because there was not a scintilla of evidence to support that claim. We shall address this argument by defendant.
The proper standard to be applied to summary judgment motions is well settled: A motion for summary judgment may be granted only when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Fountain v. Phillips, 404 So.2d 614, 618 (Ala. 1981). Furthermore, all reasonable doubts concerning a genuine issue of material fact must be resolved against the moving party. Couch v. Dothan-Houston County Airport Authority, Inc.,435 So.2d 14 (Ala. 1983). The movant's burden is markedly increased by the scintilla rule, which requires that summary judgment be denied if there is a scintilla of evidence, a mere gleam, glimmer, spark, or smallest trace, supporting the non-movant's position. Fountain v. Phillips, supra.
Defendant argues that the evidence in this case does not provide even a scintilla of evidence to support a reasonable inference that Shotts was acting in such a manner as to appear intoxicated at the time the defendant sold alcoholic beveragesto him. We disagree. The affidavit of Vincent Paul Ward, brother of the plaintiff, quoted from below, provides the requisite scintilla and basis for the reasonable inference that if Shotts appeared intoxicated at the time of the altercation, he also appeared intoxicated at the time he was served the bottle of beer he was drinking from just prior to the altercation:
 "On the evening involved in this case, my brothers and I went to the Brass Monkey Bar. I observed the incident involving my brother Tony and an individual I have been told was Marvin Rex Shotts, Jr. I had a clear and unobstructed view of the entire incident, before, during and after it happened. I was watching my brother from a distance of only a few feet.
 "My brother Tony approached a young woman who was near Shotts. It appeared that there was a brief conversation and then Shotts struck my brother in the face and Tony fell to the floor. Shotts stood there briefly. I heard the young woman ask him 'what did you hit him for?' or words to that effect. I was about to come to my brother's defense, but Shotts left before I could get to him.
 "I observed Shotts before and after he hit my brother. I am sure that he was intoxicated. I think he was totally drunk at the time he hit my brother.
 "Right before Shotts hit Tony, I saw him drinking from a bottle of beer. . . ." (Emphasis added.)
The defendant also contends that the evidence fails to provide a scintilla of evidence that it sold to Shotts the beer he is claimed to have been drinking. Suffice it to say that plaintiff alleged that the defendant sold the intoxicating beverages to Shotts contrary to law, and that in support of its motion defendant has adduced no evidence to negate that allegation by plaintiff. See Braswell Wood Co. v. Fussell,474 So.2d 67 (Ala. 1985). We have considered the other arguments made by defendant concerning the timeliness and adequacy of plaintiff's submission of his brother's affidavit in opposition, and find them to be totally without merit.
Accordingly, we hold that, applying the scintilla rule of evidence, summary judgment was improper as to plaintiff's dram shop claim.
OPINION EXTENDED; APPLICATION OVERRULED. *Page 168 
TORBERT, C.J., and MADDOX, ALMON, SHORES and STEAGALL, JJ., concur.
JONES and HOUSTON, JJ., concur in the result.
ADAMS, J., not sitting.