MADDOX, Justice.
This appeal involves a question of whether this Court, in a prior appeal, adjudicated all the rights and relations of the parties, including this appellant. This case involves one lot in a subdivision that was the subject of this Court’s case of Scotch v. Hurst, 437 So.2d 497 (Ala.1983). In Scotch v. Hurst, this Court held that the Hurst plaintiffs had title to approximately 30 acres of a subdivision despite Scotch’s apparent title to that same 30 acres. In this case the Hurst plaintiffs filed an action against one lot owner in the subdivision who claimed title through a different chain of title. The trial court granted summary judgment for *469 the Hurst plaintiffs; we reverse and remand.
In Scotch v. Hurst, this Court found that, in 1955, Mid-South Development Corporation acquired title to the 30 acres that the Hurst plaintiffs claimed an interest in as remaindermen of their father, Harry Hurst. The evidence showed that Mid-South subdivided that 30 acres and 40 adjoining acres into the “Lincoln Park” subdivision, and that in 1960, Mid-South purported to transfer its interest in those 30 acres to Scotch. Between 1955 and 1960, Mid-South sold some of the lots in the subdivision, but it apparently did not sell any of the lots that were part of the 30 acres in question because it had purported to transfer all its interest in that land to Scotch in 1960. The defendant, Williams, claims title through her father, who bought Lot 14 of Block 11 in the subdivision in 1957.
The Hurst plaintiffs moved for summary judgment and submitted an affidavit from a surveyor, who stated that Lot 14 of Block 11 (the Williams lot) is part of the land claimed by the plaintiffs and is part of the 30 acres that this Court held was the property of the plaintiffs in Scotch v. Hurst. Williams opposed the motion by filing her own affidavit, in which she stated that her father acquired title in 1957, that her lot was never part of the property owned by Harry Hurst or Joe Scotch, and that neither Harry Hurst nor Joe Scotch was in her chain of title. The trial judge entered summary judgment for the Hurst plaintiffs.
The only issue is whether the summary judgment was proper. Because the complaint in this case was filed prior to June 11, 1987, the effective date of Ala.Code 1975, § 12-21-12, the rule for determining whether summary judgment was appropriate is the “scintilla” rule. “Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.” Doran v. City of Madison, 519 So. 2d 1308, 1312 (Ala.1988). “If there is any evidence supporting the position of the party against whom the motion is made, summary judgment cannot be granted.” Boswell v. Coker, 519 So.2d 493, 495 (Ala.1987).
Our ruling in Scotch v. Hurst involved all of the 30 acres at issue, and we found that that land had been transferred from Mid-South to Scotch in 1960. Now, the plaintiffs claim that the Williams lot is part of those 30 acres that we held belong to them; however, the deed from Mid-South to Williams’s father was made in 1957. Therefore, either the Mid-South deed to Scotch in 1960 fraudulently purported to grant more than Mid-South had title to, and, thus, this lot may be part of the 30 acres claimed by the plaintiffs, or the Williams lot was carved out of the other 40 acres that Mid-South owned and made part of the subdivision. We cannot tell from the evidence before us which possibility is correct.
The trial judge may have considered other evidence that is not before us, and his judgment may be correct and supportable, but all that the judge had was an affidavit stating that this lot was part of the 30 acres before him, and an affidavit that gave transfer dates that appeared to prove that the lot was not included in the 30 acres. Plaintiffs include in their brief a copy of the subdivision plat, but even if the plat had been in the record before the trial court, it would have been of no help because it does not distinguish between the 30 Hurst acres and the other 40 Mid-South acres.
We think there is a genuine issue of material fact in this case. Where there are factual issues to be determined, summary judgment is improper. Rule 56, Ala.R. Civ.P.; McGhee v. Mid-State Homes, Inc., 504 So.2d 279, 280 (Ala.1987).
For the above stated reasons, we reverse the summary judgment in favor of the plaintiffs and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.