I dissented on original submission, stating that, in my judgment, the evidence was not "clear and convincing," as defined in Ala. Code 1975, § 6-11-20(b)(4), with respect to the fraud claims. However, after further examining the record and the briefs, and after indulging all reasonable inferences in favor of the plaintiff, I have concluded that the evidence was sufficient to submit the punitive damages claim to the jury. The jury could have awarded punitive damages based on a finding that the defendant had intentionally defrauded the plaintiff by selling her a different and less expensive automobile than the one for which she had originally negotiated, without informing her of the substitution of the automobile and without renegotiating the price that she had originally agreed upon. For this reason, I concur to affirm the judgment of the Court of Civil Appeals.
However, I believe that this Court, in Hines v. RiversideChevrolet-Olds, Inc., 655 So.2d 909 (Ala. 1994) (in which I did not participate), misinterpreted §§ 12-21-12 and 6-11-20. As I read Hines, a trial court, when presented with either a motionfor a summary judgment or a motion for a directed verdict with respect to a plaintiff's claim for punitive damages, cannot look for guidance to the substantive evidentiary standard of proof set out by the legislature in § 6-11-20. This Court stated in Hines:
 "Citing Coca-Cola Bottling Co. United, Inc. v. Stripling, 622 So.2d 882 (Ala. 1993), and Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993), the defendants argue that the Hineses failed to present evidence, sufficient under the § 6-11-20 'clear and convincing' standard, that the defendants consciously and deliberately engaged in fraud; and they contend, therefore, that the circuit court properly entered the summary judgment on the claims of intentional suppression and fraudulent misrepresentation. The circuit court held, and the defendants now argue, the general proposition that § 6-11-20 requires a plaintiff, seeking both punitive and compensatory damages in an action based on claims of fraud, to present 'clear and convincing evidence' that the defendant consciously and deliberately engaged in fraud, in order to submit a 'claim of punitive damages' to the jury.
 "The language of § 12-21-12(a) and (c) and § 6-11-20(a) belies the construction of § 6-11-20(a) advocated by the defendants. Section 12-21-12(a) establishes the quantum of evidence necessary to submit an issue of fact to the trier of fact when the sufficiency of the evidence to support an issue of fact is tested. Unless a higher standard is provided by statute, rule, or decision, substantial evidence is required to submit an issue of fact to the trier of fact. § 12-21-12(c). This statute limits the authority of a trial court to submit an issue of fact to the trier of fact. *Page 251 
 "Section 6-11-20(a), however, limits the authority of the trier of fact to award punitive damages — that is, a trier of fact may not award punitive damages unless the plaintiff proved by 'clear and convincing' evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Thus, by its very language, § 6-11-20
does not define the standard for determining whether a genuine issue of fact, material to a claim alleged by the plaintiff, exists for the trial court to submit to the trier of fact; rather, it defines the standard of proof for determining whether the trier of fact has, or had, the authority to award punitive damages. This distinction becomes clearer when viewed in the context of the substantive law of punitive damages and our Rules of Civil Procedure.
 "If, for example, a plaintiff alleges a claim of wantonness and demands in the ad damnum clause of the complaint only compensatory damages, § 12-21-12
clearly applies, and the plaintiff, to defeat the defendant's summary judgment motion, need only present substantial evidence creating a genuine issue of material fact. If, however, in the complaint the same plaintiff demands punitive, as well as compensatory, damages, does § 6-11-20 now apply, instead of § 12-21-12, to require the plaintiff to present clear and convincing evidence of wantonness to create a genuine issue of fact? The answer is 'no.'
 "By its very language, § 6-11-20 does not apply to determine whether, in opposition to a motion for a summary judgment, the plaintiff has presented sufficient evidence creating a genuine issue of fact to submit to the trier of fact as to one or more elements of a claim. Section 12-21-12, not § 6-11-20, governs the question whether the plaintiff has presented sufficient evidence creating a genuine issue as to a fact material to one or more elements of a claim. By contrast, § 6-11-20
establishes the degree of proof necessary to permit the trier of fact to award punitive damages. Just as, for example, a plaintiff must prove wantonness by a preponderance of the evidence to recover compensatory damages, the plaintiff must prove wantonness by clear and convincing evidence to authorize the trier of fact to award punitive damages.
". . . .
 "The question whether a plaintiff proved the requisite wrongfulness by a sufficient weight of the evidence to allow the jury to award punitive damages is but one issue of damages for a trier of fact when it is presented a claim on which the law authorizes the award of punitive as well as compensatory damages. For example, a claim of wantonness is not a 'claim of punitive damages'; rather, it is a claim on which, under our law, a trier of fact has the authority in its discretion to impose punitive damages. If sufficiently proved, a claim of wantonness can legally support either an award of compensatory damages or an award of both compensatory and punitive damages. Because punitive damages are awarded on a tort claim that ordinarily may otherwise be submitted to the jury on substantial evidence, the question whether there is clear and convincing evidence of wrongful conduct that will support an award of punitive damages does not arise until the trial, when a defendant objects to the submission to the jury of the question of punitive damages on the ground that clear and convincing evidence of the requisite wrongful conduct has not been presented. To construe §§ 12-21-12 and 6-11-20 to require a circuit court to enter a summary judgment on a claim of wantonness because the plaintiff did not present clear and convincing evidence of wantonness and because the trier of fact might in its discretion award punitive damages is simply unworkable and patently unjust, because the question of punitive damages is not the only question of damages for the trier of fact. The question of compensatory damages remains. If, in opposition to a motion for a summary judgment, the plaintiff presented substantial evidence creating a genuine issue of material fact and if the plaintiff proved his claim by at least a preponderance of the evidence, the plaintiff still has the right to *Page 252 
have the trier of fact determine whether he is entitled to compensatory damages.[1]
 "The analysis above is supported and illustrated by the reasoning of this Court in Sears, Roebuck Co. v. Harris, 630 So.2d 1018 (Ala. 1993). In Sears, Roebuck Co. the Court addressed the question whether the plaintiffs had presented clear and convincing evidence of wantonness, even though the defendants had raised the issue only in a motion for j.n.o.v., new trial, or remittitur. The question should ordinarily be raised before the case is submitted to the jury, because the jury should be instructed that it can award punitive damages only upon proof by clear and convincing evidence. In Sears, the circuit court so instructed the jury."
655 So.2d at 924-26. (Emphasis in Hines.)
The standards for reviewing rulings on summary judgment motions and for reviewing rulings on directed verdict motions are essentially the same. The purpose of both motions is to test the sufficiency of the evidence, to determine if any real issue exists. Both a summary judgment and a directed verdict are proper where there is a complete absence of proof on a material issue or where there are no disputed questions of fact on which reasonable people could differ. See Cook v. TrinityUniversal of Kansas, 584 So.2d 813 (Ala. 1991); see also Donaldv. City National Bank of Dothan, 295 Ala. 320, 323,329 So.2d 92, 94 (1976), wherein Justice Shores, writing for this Court, noted:
 "Nevertheless, summary judgment does serve a useful purpose. The procedure is designed to pierce the pleadings and determine if causes or defenses lack real merit. It is said '. . . the rule is intended to prevent vexation and delay, improve the machinery of justice, promote the expeditious disposition of cases, and avoid unnecessary trials when no genuine issues of fact have been raised.' 10 C. Wright R. Miller, Federal Practice and Procedure: Civil § 2712 (1973)."[2]
It appears to me that the rule enunciated in Hines completely emasculates Rules 50 and 56, Ala.R.Civ.P., insofar as they were designed to ferret out meritless claims for punitive damages. In my view, it was certainly not within the legislature's contemplation in enacting § 6-11-20 that a claim for punitive damages could be submitted to the jury on less than clear and convincing evidence, as defined in § 6-11-20(b)(4), and that a post-verdict motion for a judgment notwithstanding the verdict would constitute the first opportunity for the trial court to consider the sufficiency of a claim for punitive damages. That the legislature did not intend such an illogical procedure is evident from the plain wording of § 12-21-12(c):
 "With respect to any issue of fact for which a higher standard of proof is required, whether by statute, or by rule or decision of the courts of the state, substantial evidence shall not be sufficient to carry the burden of proof, and such higher standard of proof shall be required with respect to such issue of fact."
In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255,106 S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986), the United States Supreme Court, interpreting Rules 50 and 56, Fed.R.Civ.P., held that "the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard *Page 253 
of proof that would apply at the trial on the merits." I think that this is what the legislature intended when it enacted § 6-11-20, and this Court, in fact, has so held. See, e.g., BigB, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993); Pitt v.Century II, Inc., 631 So.2d 235 (Ala. 1993); Coca-Cola BottlingCo. v. Stripling, 622 So.2d 882 (Ala. 1993); Berry v. Fife,590 So.2d 884 (Ala. 1991). I assume that Hines overruled these cases (and any other cases so holding) sub silentio. In any event, I believe that the confusion created by the Hines decision is apparent even in the present case, for the majority relies onHines to hold that "the trial court should have determined whether the evidence warranted submitting the issue of punitivedamages to the jury, i.e., whether there was evidence of such quality and weight that a jury of reasonable and fair-minded persons could find by clear and convincing evidence that the defendant consciously or deliberately engaged in fraud." 680 So.2d at 249. (Emphasis added.) Thus, the majority now recognizes that a plaintiff must come forward with clear and convincing evidence to support a punitive damages claim in order to have that claim submitted to a jury and avoid an adverse judgment as a matter of law. Therefore, the majority has sub silentio overruled the above-quoted portion of Hines. I salute this and proclaim that Hines is overruled.
For the foregoing reasons, I concur in the result only.
[1] I note at this point that damage is an essential element of a plaintiff's cause of action. If a plaintiff is able to present substantial evidence in support of his claim of, say, wantonness or fraud, he has an absolute right to have the trier of fact consider his claim for compensatory damages. However, if that plaintiff cannot present in support of his claim evidence that the trier of fact could find clear and convincing, as defined in § 6-11-20(b)(4), then his claim for punitive damages must fail, as a matter of law. The plaintiff's compensatory damages claim is unaffected. I can discern no reason for not distinguishing between compensatory and punitive damages for purposes of applying the "clear and convincing" evidence standard.
[2] Because Rules 50 and 56, Ala.R.Civ.P., serve the same purpose, albeit at different stages of the litigation, I do not readHines as making a distinction between a summary judgment and a directed verdict insofar as the standard of proof is concerned. It would certainly make no sense to apply the substantial evidence standard to a punitive damages claim at the summary judgment stage, and then to apply the clear and convincing evidence standard to that same claim at the directed verdict stage.